September 10, 2024

**VIA ECF**

Christopher M. Wolpert
Clerk of the Court
United States Court of Appeals for the Tenth Circuit
Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257-1823

Re:   *We the Patriots v. Lujan Grisham*, Nos. 23-2166, 23-2167, 23-2185

Dear Mr. Wolpert:

    Pursuant to F.R.A.P. 28(j), Defendants-Appellees write to notify the Court of the decisions in *Wolford v. Lopez*, --- F.4th ----, 2024 WL 4097462 (9th Cir. Sept. 6, 2024), and *LaFave v. County of Fairfax*, No. 1:23-cv-01605, 2024 WL 3928883 (E.D. Va. Aug. 23, 2024), *appeal filed*, ECF No. 73 (Sept. 9, 2024).

    In *Wolford*, the Ninth Circuit reversed in relevant part the decisions in *Wolford v. Lopez*, 686 F. Supp. 3d 1034 (D. Haw. 2023), and *May v. Bonta*, --- F. Supp. 3d ----, 2023 WL 8946212 (C.D. Cal. Dec. 20, 2023), which had enjoined, respectively, Hawai'i's prohibition on guns in parks and California's prohibitions on guns in parks and playgrounds.[1] It held that the plaintiffs' facial Second Amendment challenges to those laws were unlikely to succeed, reasoning, among other things, that "[p]arks in modern form … first arose in the middle of the 19th century; governments throughout the nation immediately imposed prohibitions on firearms in parks; [and] the constitutionality of those bans was unquestioned[.]" *Wolford*, 2024 WL 4097462, at *3; *see also id.* at *13-15 (upholding parks restrictions); *id.* at *15 (upholding playground restriction by analogy to school and park restrictions). In so doing, *Wolford* recognized that Reconstruction-era evidence is relevant to the historical analysis. *Id.* at *12-14. It also rejected the argument that prohibitions are constitutional only in locations with comprehensive, government-provided security as "flatly contradict[ing]" *Bruen*. *Id.* at *12.[2]

---

[1] Plaintiffs-Appellants here relied extensively on both district court decisions. *See* Appellants' Br. 19, 33, 34, 41-42, 45 n.11; Appellants' Reply Br. 10, 24, 25, 26.

[2] A subset of Plaintiffs-Appellants devoted a portion of each brief to this mistaken argument. *See* Appellants' Br. 24-29; Appellants' Reply Br. 19-20.

In *LaFave*, the district court granted summary judgment to Fairfax County, Virginia, on a Second Amendment challenge to its prohibition on guns in county parks. Among other things, the court concluded that there was "sufficient historical evidence showing that the Parks Restriction is constitutional under both Founding Era and Reconstruction Era history and tradition." 2024 WL 3928883, at *9.

Sincerely,

/s/ Janet Carter
Janet Carter
*Counsel for Defendants-Appellees*
*Governor Michelle Lujan Grisham et al.*

Cc:   All Counsel of Record