# Cooper & Kirk
### Lawyers
A Professional Limited Liability Company

David H. Thompson  
dthompson@cooperkirk.com

1523 New Hampshire Avenue, N.W.  
Washington, D.C. 20036

(202) 220-9600  
Fax (202) 220-9601

September 20, 2024

**VIA CM/ECF**  
Christopher M. Wolpert, Clerk  
United States Court of Appeals  
  for the Tenth Circuit  
Byron White Court House  
1823 Stout Street  
Denver, CO 80257

Re:    **Response to Notice of Supplemental Authority in *We the Patriots v. Grisham*, Nos. 23-2166, 23-2167, 23-2185**

Dear Mr. Wolpert,

Plaintiffs write in response to the submission of *Wolford v. Lopez*, --- F.4th ----, 2024 WL 4097462 (9th Cir. Sept. 6, 2024), and *LaFave v. County of Fairfax*, No. 1:23-cv-01605, 2024 WL 3928883 (E.D. Va. Aug. 23, 2024), *appeal filed*, ECF No. 73 (Sept. 9, 2024).

*Wolford* rejected some of the government's central arguments in this case, including that places with children or other vulnerable populations are necessarily sensitive, *Wolford*, at *13, *contra* Defs.' Br., Doc. 38 at 45 (Mar. 5, 2024), or that firearms can be banned merely because a place is crowded, explaining that not "all places where people gather are necessarily sensitive places," *Wolford*, at *13, *contra* Defs.' Br. at 32. But even for that, *Wolford* is not a helpful guide to this Court in assessing this case. The Supreme Court in *United States v. Rahimi*, 144 S. Ct. 1889, 1898 (2024), made clear that the job of a court reviewing a Second Amendment challenge is to determine "whether the challenged regulation is consistent with the principles that underpin our regulatory tradition." Yet the *Wolford* court identified no such principles, a fact the court itself acknowledged when it complained that its decisions on whether various places were "sensitive" "appear arbitrary" and "undoubtedly will inspire further litigation as state and local jurisdictions attempt to

# Cooper & Kirk
Lawyers

Christopher M. Wolpert, Clerk
September 20, 2024
Page 2 of 2

legislate within constitutional bounds." *Wolford*, at *31. This Court should decline to follow *Wolford*'s analysis, which cannot be squared with *Rahimi*.

In their historical analysis of the parks provisions, both *Wolford* and *LaFave* credited the claim that "parks" did not exist until the 19th century and therefore found a national tradition based exclusively on local regulations from almost a century after the ratification of the Second Amendment. *Wolford*, at **13–14; *LaFave*, at *4. Of course, parks have existed "immemorially," *Hague v. CIO*, 307 U.S. 496, 515 (1939), and the late-19th century enactments relied on by *Wolford* and *LaFave* (and the Governor) are inadequate under *Bruen*. *See, e.g.*, Pls.' Br., Doc. 25 at 35 – 37 (Jan. 31, 2024).

Sincerely,

s/ David H. Thompson
David H. Thompson
COOPER & KIRK PLLC
1523 New Hampshire Ave., N.W.
Washington, DC 20036
dthompson@cooperkirk.com
Tel: (202) 220-9600
Fax: (202) 220-9601

*Attorney for Appellants*

cc: All counsel of record (via CM/ECF)