**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**FILED
United States Court of Appeals
Tenth Circuit**

**October 28, 2024**

**Christopher M. Wolpert
Clerk of Court**

WE THE PATRIOTS, INC.; DENNIS
SMITH; ZACHARY FORT; NEW
MEXICO SHOOTING SPORTS
ASSOCIATION; FIREARMS POLICY
COALITION, INC.; SECOND
AMENDMENT FOUNDATION; RANDY
DONK; GUN OWNERS OF AMERICA,
INC.; GUN OWNERS FOUNDATION,

    Plaintiffs - Appellants,

v.

MICHELLE LUJAN GRISHAM, in her
official capacity only; PATRICK M.
ALLEN, in his official capacity only;
JASON R. BOWIE, in his official capacity
only; TROY WEISLER, in his official
capacity only; HAROLD MEDINA, in his
official capacity only,

    Defendants - Appellees.
-----------------------------------------

BRADY CENTER TO PREVENT GUN
VIOLENCE; GIFFORDS LAW CENTER
TO PREVENT GUN VIOLENCE; THE
DISTRICT OF COLUMBIA; ILLINOIS;
CALIFORNIA; COLORADO;
CONNECTICUT; DELAWARE;
HAWAII; MAINE; MARYLAND;
MASSACHUSETTS; MICHIGAN;
MINNESOTA; NEVADA; NEW JERSEY;
NEW YORK; OREGON;
PENNSYLVANIA; RHODE ISLAND;
VERMONT; WASHINGTON;

Nos. 23-2166,
23-2167 and 23-2185

WISCONSIN,

    Amici Curiae.

_____

**Appeals from the United States District Court
for the District of New Mexico
(D.C. No. 1:23-CV-00773-DHU-LF)**

_____

Peter A. Patterson, Cooper and Kirk, PLLC, Washington, D.C, and Anthony R. Napolitano, Phoenix, Arizona (Cameron L. Atkinson of Atkinson Law, LLC, Harwinton, CT, Jordon P. George of Aragon, Moss, George, Jenkins, LLP, Albuquerque, NM, David H. Thompson and Kate Hardiman of Cooper & Kirk, PLLC, Washington, D.C., Robert J. Olson of William J. Olson, PC, Vienna, VA, and Stephen Stamboulieh of Stamboulieh Law, PLLC, Olive Branch, MS, with them on the briefs), for Plaintiffs-Appellants.

Janet Carter, Everytown Law, New York, NY (William J. Taylor, Jr. and Carina Bentata Gryting of Everytown Law, New York, NY, Freya Jamison of Everytown Law, Washington, D.C.; Holly Agajanian, Chief General Counsel to Gov. Lujan Grisham, Kyle P. Duffy, Deputy General Counsel to Gov. Lujan Grisham, Santa Fe, NM; Cody Rogers of Serpe, Andrews, Las Cruces, NM, with her on the brief), for Defendants-Appellees.

Kelly M. Percival of Giffords Law Center to Prevent Gun Violence, San Francisco, CA, for Amicus Curiae Giffords Law Center to Prevent Gun Violence; and Thomas M. Bondy of Orrick, Herrington & Sutcliffe, L.L.P., Washington, D.C. for Amicus Curiae Brady Center to Prevent Gun Violence, in support of Defendants-Appellees.

Brian L. Schwalb, District of Columbia Attorney General, Caroline S. Van Zile, Solicitor General, Ashwin P. Phatak, Principal Deputy Solicitor General, Russell C. Bogue, Assistant Attorney General, and Marcella Coburn, Assistant Attorney General of the Office of the Attorney General for the District of Columbia, Washington, D.C.; Kwame Raoul, Illinois Attorney General, Jane Elinor Notz, Solicitor General, and Sarah A. Hunger, Deputy Solicitor General of the Office of the Attorney General for the State of Illinois, Chicago, Illinois for the District of Columbia, Illinois, California, Colorado, Connecticut, Delaware, Hawai'i, Maine, Maryland, Massachusetts, Michigan, Minnesota, Nevada, New Jersey, New York, Oregon, Pennsylvania, Rhode Island, Vermont, Washington, and Wisconsin as Amici Curiae in support of Defendants-Appellees.

_____

Before **HARTZ**, **KELLY**, and **BACHARACH**, Circuit Judges.
_____

**KELLY**, Circuit Judge.

_____

In these consolidated appeals, Plaintiffs-Appellants[1] challenge the district court's denial of a preliminary injunction seeking to enjoin the New Mexico Department of Health's ("NM DOH") Second Amended Public Health Order ("PHO") which restricts firearm carry in public parks and playgrounds in the City of Albuquerque (the "City") and Bernalillo County (the "County").  We the Patriots, Inc. v. Grisham, 697 F. Supp. 3d 1222 (D.N.M. 2023).  Plaintiffs maintain that the Second Amended PHO violates the Second and Fourteenth Amendments to the United States Constitution.  Aplt. Br. at 3.  We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we dismiss the appeal for lack of jurisdiction.

## Background

On September 7, 2023, New Mexico Governor, Michelle Lujan Grisham, issued an executive order declaring a state of public health emergency given increased rates of gun violence in New Mexico.  I Aplt. App. 30–32.  The next day, the NM DOH issued the First PHO restricting firearm possession by any person within cities or counties with high rates of violent crime, on state property, at public

---

[1] Plaintiffs-Appellants are three individuals and six membership advocacy organizations.  Plaintiffs We the Patriots USA, Inc. and Dennis Smith ("Smith Plaintiffs"), and Plaintiffs Randy Donk, Gun Owners of America, and Gun Owners Foundation ("Donk Plaintiffs") seek to enjoin the PHO's restriction on firearms carry in public parks and playgrounds in the City of Albuquerque and Bernalillo County.  Aplt. Br. at 3.  Plaintiffs Zachary Fort, New Mexico Shooting Sports Association, Firearms Policy Coalition, and Second Amendment Foundation ("Fort Plaintiffs") limit their challenge to the restriction on firearms carry in parks.  Id.

schools, and in public parks (with an exception for law enforcement or security officers). I Aplt. App. 34–36. On September 13, 2023, the district court heard a request for a Temporary Restraining Order ("TRO") from five sets of the Plaintiffs in this consolidated action. I Aplt. App. 181–82. The district court issued the TRO, which enjoined various sections of the First PHO. I Aplt. App. 181–82. Two days later, the NM DOH issued an Amended PHO, eliminating portions of the First PHO. I Aplt. App. 182. Shortly thereafter, some of the consolidated Plaintiffs filed requests for ex parte TROs and preliminary injunctions directed at the Amended PHO. I Aplt. App. 183. Before the district court could rule on the motions for preliminary injunction directed at the Amended PHO, the NM DOH issued the Second Amended PHO on October 6, 2023, which is at issue in this appeal. I Aplt. App. 184. Governor Lujan Grisham also issued a renewed executive order, extending the public health emergency until November 3, 2023. I Aplt. App. 184. The Governor recently extended the public health emergency until October 13, 2024.[2] Governor Michelle Lujan Grisham, Exec. Ord. No. 2024-141, Renewing State of

---

[2] The Governor decided not to renew the order after October 13, 2024. See Governor Michelle Lujan Grisham, Press Releases, Public Health Order on Firearms Expires – Key Components of Order Will Remain Under MOU's (Oct. 16, 2024), https://www.governor.state.nm.us/2024/10/16/public-health-order-on-firearms-expires-key-components-of-order-will-remain-under-mous/. The expiration of Order No. 2024-141 does not moot the issues before us (on the basis of cessation of the challenged conduct) because at this stage of the proceedings, there is no acknowledgment that the order was unconstitutional, let alone any assurance that a comparable order would not be issued in the future. See FBI v. Fikre, 601 U.S. 234, 244 (2024); Brent Elec. Co., Inc. v. Int'l Brotherhood of Elec. Workers Loc. Union 1196, 110 F.4th 1196, 120708 (10th Cir. 2024) (discussing mootness and prudential mootness on the basis of cessation of the challenged action).

Public Health Emergency Due to Gun Violence (2024), https://www.governor.state.nm.us/wp-content/uploads/2024/09/Executive-Order-2024-141.pdf.

The Second Amended PHO provides:

> No person, other than a law enforcement officer or licensed security officer, or active duty military personnel shall possess a firearm, . . . either openly or concealed, in public parks or playgrounds within the City of Albuquerque or Bernalillo County, except in the City of Albuquerque's Shooting Range Park and areas designated as a state park within the state parks system and owned or managed by the New Mexico Energy, Minerals and Natural Resources Department State Parks Division, or the State Land Office.

I Aplt. App. 164.

On October 9, 2023, the current motion for a preliminary injunction was filed. I Aplt. App. 138, 186 n.6. The motion seeks to enjoin enforcement of the Second Amended PHO's restriction on carrying firearms in public parks (the "public parks restriction"), and in playgrounds (the "playgrounds restriction"). I Aplt. App. 160. In support of the motion, Plaintiffs argue that there is no "historical tradition of firearm regulation" in public parks or playgrounds to justify the Second Amended PHO's firearms restriction under New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1 (2022). I Aplt. App. 143–45. On October 11, 2023, the district court denied Plaintiffs' motion on the grounds that Plaintiffs failed to show a substantial likelihood of success on the merits. I Aplt. App. 199. Plaintiffs appealed. I Aplt. App. 200–04. The parties agreed to stay further proceedings pending this appeal. Ord. Grant. Pl.'s Unopposed Req. for Stay Pending Appeal, 1:23-CV-00773-DHU-LF, ECF No. 65.

On July 24, 2024, we ordered simultaneous supplemental briefing on three issues: (1) the effect of a subsequent preliminary injunction issued in <u>Springer v. Grisham</u>, 704 F. Supp. 3d 1206 (D.N.M. 2023), <u>appeal docketed</u>, Nos. 23-2192 (10th Cir. Dec. 11, 2023) & 23-2194 (10th Cir. Dec. 15, 2023), (2) the effect of existing City and County firearm restrictions in public parks and playgrounds on this appeal, and (3) whether the Governor's ability to regulate firearm carry through monthly executive orders is an issue in these appeals.  Ord., 23-2166, ECF No. 86.  For the reasons discussed below, our first two requests are particularly important to our disposition.

**Discussion**

Our review regarding questions of Article III standing is de novo.  <u>WildEarth Guardians v. Pub. Serv. Co. of Colo.</u>, 690 F.3d 1174, 1181 (10th Cir. 2012).  Of course, to satisfy the requirements of Article III standing, the plaintiff bears the burden of showing (1) an injury, (2) causation, and (3) redressability.  <u>Lujan v. Defs. of Wildlife</u>, 504 U.S. 555, 560–61 (1992).  Thus, for a party to properly invoke federal jurisdiction, we must be able to redress their alleged injuries.  <u>Id.</u>  Redressability considers whether the requested relief will redress the alleged injury.  <u>Nova Health Sys. v. Gandy</u>, 416 F.3d 1149, 1158 (10th Cir. 2005).  Moreover, it must be likely, not merely speculative, that a favorable decision by this court will redress the alleged injury.  <u>Lujan</u>, 504 U.S. at 561.

Furthermore, an issue is rendered moot when an event occurs during the pendency of the litigation which deprives a plaintiff of an element of standing, such as

redressability.  WildEarth Guardians, 690 F.3d at 1182.  The critical question, then, is whether our present grant of relief would have some real-world, not theoretical, effect.  Rio Grande Silvery Minnow v. Bureau of Reclamation, 601 F.3d 1096, 1110 (10th Cir. 2010).  This is so because federal courts lack jurisdiction over moot issues due to a lack of a "live case or controversy[.]"  Fletcher v. United States, 116 F.3d 1315, 1321 (10th Cir. 1997).

**A. Plaintiffs' Appeal From the Denial of the Preliminary Injunction as to the Public Parks Restriction is Moot.**

The relief that Plaintiffs seek—a preliminary injunction enjoining the enforcement of the Second Amended PHO's public parks restriction—was granted by the district court in Springer v. Grisham shortly after this appeal commenced.  704 F. Supp. 3d at 1221–22.  The Springer injunction seriously undercuts the Plaintiffs' ability to make a showing of the existence of a continued case or controversy as to the public parks restriction.  See Fletcher, 116 F.3d at 1321.

In Springer, the plaintiff sought to enjoin enforcement of the Second Amended PHO's public parks restriction and its playgrounds restriction.  Id. at 1211.  The district court granted the preliminary injunction as to the Second Amended PHO's bar against "the carrying of firearms in public parks in Albuquerque and Bernalillo County."  Id. at 1221–22.  In short, the Springer injunction provides the precise relief requested by Plaintiffs here by preliminarily enjoining the full scope of the Second Amended PHO's public parks restriction.  Id.

True, Tenth Circuit precedent does not clearly answer the question of whether the

grant of a preliminary injunction in one case moots a plaintiff's subsequent request for similar relief in a different case. Plaintiffs argue that the Springer injunction does not moot the appeal because it is still possible for this court to grant effectual relief or alternatively, the matter is reviewable under the "capable of repetition, yet evading review" exception to mootness. Aplt. Supp. Br. at 2. Plaintiffs also argue that the "preliminary" nature of the Springer injunction means that it is not final and remains subject to reconsideration, dissolution, or cessation. Id. Thus, Plaintiffs argue that effective relief can be afforded by this court since there is no guarantee that the Springer injunction would protect Plaintiffs while the case is litigated on the merits. Id. They further argue that "even if the Springer injunction currently pauses Plaintiffs' injuries from the park-carry ban, those injuries could restart if the Springer injunction is dissolved before Plaintiffs can litigate their cases to final judgment." Id. at 2–3. Defendants, on the other hand, cite various out-of-circuit district court cases concluding that a preliminary injunction in one case moots a subsequent request for similar relief. Aplee. Supp. Br. at 2.

We recognize that in the context of nationwide injunctions, courts have determined that a nationwide injunction issued by a district court in another circuit does not moot an appeal regarding the grant or denial of a preliminary injunction, although prudential concerns of comity and allowing the law to develop across the circuits may be present. California v. U.S. Dep't of Health & Hum. Servs., 941 F.3d 410, 421, 423 (9th Cir. 2019), cert. granted, judgment vacated on other grounds, Little Sisters of Poor Jeanne Jugan Residence v. California, 141 S. Ct. 192 (2020);

State of Fla. v. Dep't of Health & Hum. Servs., 19 F.4th 1271, 1280, 1285–86 (11th Cir. 2021).  In those cases, however, our sister circuits had good reason to characterize the nationwide injunctions as particularly vulnerable due to judicial skepticism towards nationwide injunctions.  California, 941 F.3d at 423; Florida, 19 F.4th at 1281.  Here, by contrast, Plaintiffs' very generic concerns about the sensitivity of the Springer preliminary injunction (now on appeal) are entirely speculative.  See Aplt. Supp. Br. at 2.  Plaintiffs have not given us a serious reason to suspect that those speculative concerns will be realized.  Cf. California, 941 F.3d at 423; Florida, 19 F.4th at 1281.  Moreover, Plaintiffs' request for declaratory and permanent injunctive relief remains pending in the district court (it is very early in the proceedings), so any party could request the district court stay be lifted and a record developed, and ultimately any final judgment could be reviewed on appeal.  See Fleming v. Gutierrez, 785 F.3d 442, 446 (10th Cir. 2015).

Plaintiffs' appeal challenging the denial of the preliminary injunction as to the public parks restriction is thus moot because they have received the relief sought such that that any relief granted by this court would not have any real-world effect.  See Rio Grande Silvery Minnow, 601 F.3d at 1110; see also WildEarth Guardians, 690 F.3d 1174, 1190 (10th Cir. 2012) (noting that plaintiff's request for injunctive relief is moot because their "wish [came] true" when defendants were no longer engaged in the complained-of conduct); Valdez v. Grisham, No. 21-2105, 2022 WL 2129071, at *2–3 (10th Cir. June 14, 2022) (finding plaintiff's request for preliminary injunction moot because injunctive relief could not redress plaintiff's

9

alleged injury relating to a COVID-19 vaccine mandate PHO because plaintiff would remain subject to independent vaccination requirements by her employer and by a rule from the Center for Medicare and Medicaid Services).[3]

Plaintiffs have not demonstrated that the Springer injunction does not extend to their alleged injuries, nor have they shown how further injunctive relief would redress any injury. Indeed, Plaintiffs seem to acknowledge that any injury is paused. See Aplee. Supp. Br. at 2–3. Because the issue is moot, we lack jurisdiction and must dismiss the appeal as it pertains to the public parks restriction. See WildEarth Guardians, 690 F.3d at 1178 (dismissing an appeal on mootness grounds).

### B. Plaintiffs Lack Standing to Challenge the Denial of the Preliminary Injunction as it Pertains to the Playgrounds Restriction.

The Smith Plaintiffs and Donk Plaintiffs have not shown how this court can fashion specific relief on appeal as to the district court's denial of a preliminary injunction as to the Second Amended PHO's playgrounds restriction.[4] The Springer injunction does not affect this particular issue because the Springer court denied the preliminary injunction as to the playgrounds restriction for lack of standing, and in the alternative, on the merits.[5] 704 F. Supp. 3d at 1219, 1221–22. Nevertheless, we

---

[3] Although not precedential, we find the reasoning of this unpublished opinion to be instructive. See 10th Cir. R. 32.1; Fed. R. App. 32.1.

[4] The Fort Plaintiffs do not challenge the Second Amended PHO's playgrounds restriction. Aplt. Br. at 3.

[5] In this case, the district court determined that Plaintiffs Smith and Donk had standing to challenge the playgrounds restriction. We the Patriots, Inc., 697 F. Supp. 3d at 1231–32. The district court, however, did not consider the effect of the existing City and County regulations that independently restrict firearm carry.

are not convinced that we are able to provide Plaintiffs with meaningful relief due to several unchallenged City and County restrictions which appear to limit firearm possession in playgrounds.  See Bishop v. Smith, 760 F.3d 1070, 1078 (10th Cir. 2014) ("plaintiffs fail to establish redressability only when an unchallenged legal obstacle is enforceable separately and distinctly from the challenged provision.").

We requested supplemental briefing as to whether the City and County restrict firearms in parks and/or playgrounds, and if so, how that affects these appeals.  There are multiple City and County restrictions on firearm carry in public parks and playgrounds.  First, a County ordinance plainly prohibits possession of firearms in "recreation facilit[ies]."  Bernalillo Cnty. Ord., § 58-12(b)(27).  Playgrounds are included in the definition of "recreational facilit[ies]."  Id. at § 58-5.  Also, the City applies New Mexico **state law** prohibitions on firearm carry in schools and universities to at least 25 playgrounds.  City of Albuquerque Administrative Instructions No. 5-19 & 5-20; N.M. Stat. Ann. §§ 30-7-2.1(A) & (B)(2) (also prohibiting firearm carry in "any other public buildings or grounds, including playing fields and parking areas that are not public school property, in or on which public school-related and sanctioned activities are being performed."); id. at § 30-7-2.4(A) & (C)(2)(b) (also prohibiting firearm carry in "any other public buildings or grounds, including playing fields and parking areas that are not university property, in or on which university-related and sanctioned activities are performed.").  Thus, we are faced with an apparent City prohibition.  We also note that the City prohibits "carry[ing], possess[ing], or discharg[ing] any firearm . . . on Open Space Lands."

11

Albuquerque Code of Ords. § 5-8-6(G).[6]

Plaintiffs responded that the local enactments are void and unenforceable because New Mexico's constitution provides that "[n]o municipality or county shall regulate, in any way, an incident of the right to keep and bear arms." N.M. Const. art. II, § 6; Aplt. Supp. Br. at 5. Plaintiffs fail to acknowledge, however, that the City's prohibition rests ostensibly on state law and "we give all statutes a presumption of constitutionality and we must apply the same presumption to [] ordinances." Gillmor v. Thomas, 490 F.3d 791, 798 (10th Cir. 2007). The constitutionality of the local enactments is not before us, and Plaintiffs have not otherwise seriously challenged the validity of those separate restrictions. See Renne v. Geary, 501 U.S. 312, 319 (1991) (questioning whether an alleged injury could be redressed by enjoining a law's enforcement because "invalidation of one [law] may not impugn the validity of another"). Therefore, we must presume that the local enactments are constitutional. Id.

Plaintiffs further argue that the local restrictions do not deprive them of Article III standing because the penalties associated with violating local ordinances are entirely different, and the prohibitions are enforced by different entities such that a favorable decision by us would redress an injury. Aplt. Supp. Br. at 6–9. Defendants, on the other hand, argue that the ordinances deprive Plaintiffs of standing because, regardless of our decision, Plaintiffs will continue to be barred from carrying

---

[6] The parties apparently disagree on whether the Los Poblanos Open Space is subject to the City's ordinances and rules. See Aplt. Supp. Br. at 7; Aplee. Supp. Br. at 8.

firearms in the proscribed places. Aplee. Supp. Br. at 4. For the reasons below and particularly at this early stage of the proceedings where the record remains undeveloped, we are not persuaded by Plaintiffs' arguments.

We understand, as Plaintiffs point out, that redressability does not require that we redress every possible injury. Consumer Data Indus. Ass'n v. King, 678 F.3d 898, 902 (10th Cir. 2012); Aplt. Supp. Br. at 9. However, Plaintiffs Smith and Donk do not identify a single specific playground that they plan to visit, and we think that is Plaintiffs' burden. See Aplee. Supp. Br. at 8. Nor do Plaintiffs Smith and Donk identify whether such playgrounds are covered by City and County regulations. See Aplee. Supp. Br. at 8. Plaintiffs thus have not provided sufficient reason for us to believe that enjoining enforcement of the playgrounds restriction would allow them to lawfully carry firearms in playgrounds and provide any meaningful relief. See Lujan, 504 U.S. at 561 (stating that it is plaintiff's burden to demonstrate that a federal court's favorable decision would likely provide redress); cf. Does 1-11 v. Bd. of Regents of Univ. of Colorado, 100 F.4th 1251, 1262 (10th Cir. 2024) ("the preliminary injunction [plaintiffs] sought was likely to redress their injuries."). This is especially so given that Plaintiff Smith expresses a concern of being "arrested and/or fined beyond [his] financial means[.]" I Aplt. App. 136.

Separate from the potential fines, the Plaintiffs base standing on the penalties associated with violating the Governor's emergency order. But none of the Plaintiffs have said whether they will violate the city and county ordinances that would remain even if they prevail in this action. Mr. Donk says that he intends to carry his firearm

everywhere he can legally do so. II Aplt. App. 47. But even if Mr. Donk prevails here, he could not legally carry his firearm on playgrounds because of the municipal and county ordinances, which he would presumably obey. Mr. Smith states that, despite the Governor's order, he would continue to carry firearms "in public within the City of Albuquerque" and on "playgrounds, and other public areas provided for children to play in." I Aplt. App. 22, 136. But Mr. Smith has not said whether he would continue to carry firearms in violation of the city and county ordinances, which he would also presumably obey.

Plaintiffs argue that invalidation of the Governor's emergency order would remove some of the applicable penalties for carrying firearms at playgrounds. But those penalties would only apply if Plaintiffs were to carry firearms in playgrounds if they prevail here. And Plaintiffs have not said that they would continue to carry firearms on playgrounds in violation of the presumptively valid City and County ordinances. See O'Shea v. Littleton, 414 U.S. 488, 497 (1974) (stating that courts will generally assume that litigants "will conduct their activities within the law and so to avoid prosecution and conviction"). Because their alleged injury is not redressable, Plaintiffs lack standing to seek a preliminary injunction as to the playgrounds restriction.

Without further information, we have no reason to believe that the playgrounds that Plaintiffs state they intend to visit are not already subject to independent and unchallenged firearm carry prohibitions, and we are unable to redress injuries caused by the independent actions of third parties — such as the City and the County — that

14

are not before us.  Murthy v. Missouri, 144 S. Ct. 1972, 1986 (2024).  Put simply, on this undeveloped record, Plaintiffs have not clearly alleged facts demonstrating that invocation of federal jurisdiction and the "'exercise of the court's remedial powers'" here is proper as to the playgrounds restriction.  See Am. Forest & Paper Ass'n v. U.S. E.P.A., 154 F.3d 1155, 1159 (10th Cir. 1998) (quoting Warth v. Seldin, 422 U.S. 490, 518 (1975)).  Thus, at this point, Plaintiffs have not satisfied their burden of proving that a favorable decision by this court would likely redress their alleged injury.  See Lujan, 504 U.S. at 560–61.

Although Plaintiffs have not satisfied their burden of showing likelihood of redressability regarding their request for preliminary injunctive relief, we express no opinion regarding their ability to show redressability regarding other forms of relief not before this court.

## Conclusion

The appeal challenging the district court's order denying Plaintiffs' motion for a preliminary injunction is therefore **DISMISSED**.