# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

## DOCKETING STATEMENT

| | |
|---|---|
| Appeal Number | 23-2166 |
| Case Name | We the Patriots USA, Inc. v. Grisham |
| Party or Parties Filing Notice of Appeal Or Petition | We the Patriots USA, Inc. Dennis Smith. |
| Appellee(s) or Respondent(s) | Michelle Lujan Grisham, Patrick M. Allen, Jason R. Bowie, Troy Weisler |
| List all prior or related appeals in this court with appropriate citation(s). | N/A |

## I. JURISDICTION OVER APPEAL OR PETITION FOR REVIEW

### A. APPEAL FROM DISTRICT COURT

1. Date final judgment or order to be reviewed was **entered** on the district court docket: 10/11/23

2. Date notice of appeal was **filed**: 10/19/23

3. State the time limit for filing the notice of appeal (cite the specific provision of Fed. R. App. P. 4 or other statutory authority): 30 days FRAP 4(a)(1)

    a. Was the United States or an officer or an agency of the United States a party below? No

    b. Was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing the notice of appeal: No

4. Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

   a. Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A): N/A

   b. Has an order been entered by the district court disposing of any such motion, and, if so, when? N/A

5. Is the order or judgment final (i.e. does it dispose of **all** claims by and against **all** parties)? *See* 28 U.S.C. § 1291. No

   **(If your answer to Question 5 is no, please answer the following questions in this section.)**

   a. If not, did the district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done? No

   b. If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. '1292(a)? Yes

   c. If none of the above applies, what is the **specific** legal authority for determining that the judgment or order is appealable? N/A

6. Cross Appeals.

   a. If this is a cross appeal, what relief do you seek beyond preserving the judgment below? *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 958 (10th Cir. 2011) (addressing jurisdictional validity of conditional cross appeals).

   b. If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1196-98 and n.18 (10th Cir. 2010) (discussing protective or conditional cross appeals).

B. **REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the court of appeals.)

   1. Date of the order to be reviewed: _____

   2. Date petition for review was filed: _____

   3. Specify the statute or other authority granting the Tenth Circuit Court of Appeals jurisdiction to review the order: _____

   4. Specify the time limit for filing the petition (cite specific statutory section or other authority): _____

C. **APPEAL OF TAX COURT DECISION**

   1. Date of entry of decision appealed: _____

   2. Date notice of appeal was filed: _____
      (If notice was filed by mail, attach proof of postmark.)

   3. State the time limit for filing notice of appeal (cite specific statutory section or other authority): _____

   4. Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a)_____

## II. ADDITIONAL INFORMATION IN CRIMINAL APPEALS.

A. Does this appeal involve review under 18 U.S.C. ' 3742(a) or (b) of the sentence imposed? _____

B. If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction? _____

C. Describe the sentence imposed. _____
_____

D. Was the sentence imposed after a plea of guilty? _____

E. If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges? _____

F. Is the defendant on probation or at liberty pending appeal? _____

G. If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed? _____

NOTE: In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the Clerk of the district court with a copy filed in the court of appeals.

### III. GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW.

New Mexico Governor Michelle Lujan Grisham declared gun violence a public health crisis and banned the public carrying of firearms in Bernalillo County, New Mexico by administrative fiat. The plaintiffs challenged her executive and public health orders as a violation of their Second Amendment rights. After the district court issued a temporary restraining order as to her initial order, Governor Grisham revised her orders to ban the public carrying of firearms at public parks and forests across New Mexico. The district court denied the plaintiffs' motion for a preliminary injunction. The Plaintiffs now appeal to vindicate their Second Amendment rights.

### IV. IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL. You must attempt to identify the issues even if you were not counsel below. *See* 10th Cir. R. 3.4(B).

Whether the district court erred by holding that the appropriate history to consider under *NYSRPA v. Bruen* was 1868 history for purposes of its Second Amendment analysis.

Whether the district court erred by holding that bans on firearms in public parks and spaces were well-established in the Nation's history and tradition so as to support the governor's order.

Whether the district court erred by concluding that public parks and spaces are sensitive places for purposes of the Second Amendment.

## V. ATTORNEY FILING DOCKETING STATEMENT:

Name: Cameron L. Atkinson  Telephone: 203-677-0782

Firm: Atkinson Law, LLC

Email Address: catkinson@atkinsonlawfirm.com

Address: 122 Litchfield Rd.
P.O. Box 340
Harwinton, CT 06791

_Cameron L. Atkinson_    11-6-23
Signature                Date

**NOTE:** The Docketing Statement must be filed with the Clerk via the court's Electronic Case Filing System (ECF). Instructions and information regarding ECF can be found on the court's website, www.ca10.uscourts.gov.

The Docketing Statement must be accompanied by proof of service. The following Certificate of Service may be used.

## CERTIFICATE OF SERVICE

I, _Cameron L. Atkinson_, hereby certify that on
[attorney for appellant/petitioner]

_11-6-23_, I served a copy of the foregoing **Docketing Statement**, to:
[date]

_Cody Rogers_, at _____
[counsel for/or appellee/respondent]

_crogers@serpeandrews.com_

_____, the last known address/email address, by

_e-filing service [ECF/CM_.
[state method of service]

_Cameron L. Atkinson_
Signature

_11-6-23_
Date

Cameron L. Atkinson
122 Litchfield Rd.
P.O. Box 340
Harwinton, CT 06791
Full name and address of attorney