**Nos. 23-2166, 23-2167, 23-2185**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

WE THE PATRIOTS USA, INC., ZACHARY FORT, RANDY DONK, et al.,

Plaintiffs-Appellants,

v.

MICHELLE LUJAN GRISHAM, in her official capacity, et al.,

Defendants-Appellees.

On Appeal from the United States District Court, District of New Mexico
The Honorable David Herrera Urias, District Judge
District Court Case Nos. 1:23-cv-773, 1:23-cv-778, 1:23-cv-772

### PLAINTIFFS-APPELLANTS' CORRECTED
### CONSOLIDATED APPENDIX

### VOLUME 3 of 3

Cameron Lee Atkinson
ATKINSON LAW, LLC
122 Litchfield Road
P.O. Box 340 St. 2
Harwinton, CT 06791
203-677-0782
catkinson@atkinsonlawfirm.com

*Attorney for Plaintiffs We the Patriots USA, Inc. et al.*

Jordon P. George
ARAGON MOSS GEORGE JENKINS, LLP
2201 Menaul Blvd NE
Albuquerque, NM 87107
505-872-3022
jordon@amglaw.com

David H. Thompson
Peter A. Patterson
Kate Hardiman
COOPER & KIRK, PLLC
1523 New Hampshire Ave NW
Washington, D.C. 20036
202-220-9600
dthompson@cooperkirk.com

*Attorneys for Plaintiffs Fort et al.*

Robert J. Olson
WILLIAM J. OLSON, PC
370 Maple Ave. West, Suite 4
Vienna, VA 22180-5615
(703) 356-5070
wjo@mindspring.com

Stephen Stamboulieh
STAMBOULIEH LAW, PLLC
P.O. Box 428
Olive Branch, MS 38654
(601) 852-3440
stephen@sdslaw.us

*Attorneys for Plaintiffs Donk et al.*

# TABLE OF CONTENTS[1]

## Volume 3 of 3

District Court Docket Sheet, Case No. 1:23-cv-778-DHU,
*Fort v. Grisham* (D.N.M.).................................................................App. 1

Document 1, Complaint (Sept. 11, 2023) ........................................App. 7

Document 3, Motion for TRO or Preliminary Injunction & Brief in Support
(Sept. 11, 2023).........................................................................App. 17

Document 3-2, Declaration of Zachary Fort (Sept. 11, 2023)........................App. 23

Document 24, Supplemental TRO Memorandum of Points & Authorities
(Oct. 6, 2023)...........................................................................App. 25

Document 24-1, Supplemental Declaration of Zachary Fort
(Oct. 6, 2023)...........................................................................App. 31

---

[1] To mitigate confusion given the three separate district court dockets, and at the request of the clerk's office, Plaintiffs hereby submit an appendix in three volumes, each of which corresponds to one of the individual lower court cases. To the extent there are repeat documents on each of the three dockets, only one copy from the lead case, *We the Patriots USA, Inc. v. Grisham*, is included in Volume 1.

CONSOL

## U.S. District Court
## United States District Court - District of New Mexico (Albuquerque)
## CIVIL DOCKET FOR CASE #: 1:23-cv-00778-DHU-LF

Fort et al v. Lujan Grisham et al
Assigned to: District Judge David H. Urias
Referred to: Magistrate Judge Laura Fashing
Lead case: 1:23-cv-00773-DHU-LF
Member case: (View Member Case)
Cause: 28:1331 Federal Question: Other Civil Rights

Date Filed: 09/11/2023
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Zachary Fort**                                      represented by  **Robert Julian Aragon**
                                                                    Aragon Law Firm PC
                                                                    2201 Menaul Blvd, NE
                                                                    Albuquerque, NM 87107
                                                                    505-872-3022
                                                                    Fax: 505-888-6040
                                                                    Email:
                                                                    Robertaragon@aragonlawfirmpc.com
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Robert Henry Moss**
                                                                    Aragon Moss George Jenkins, LLP
                                                                    2201 Menaul Blvd NE
                                                                    Albuqerque, NM 87107
                                                                    505-872-3022
                                                                    Email: moss@amgjlaw.com
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Jordon George**
                                                                    Aragon Moss George Jenkins, LLP
                                                                    New Mexico
                                                                    2201 Menaul Blvd NE
                                                                    87107
                                                                    Albuquerque, NM 87199
                                                                    505-503-7782
                                                                    Fax: 505-214-5317
                                                                    Email: jordon@amgjlaw.com
                                                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**New Mexico Shooting Sports Association**           represented by  **Robert Julian Aragon**
                                                                    (See above for address)
                                                                    *LEAD ATTORNEY*

App. 1

*ATTORNEY TO BE NOTICED*

**Robert Henry Moss**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jordon George**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Firearms Policy Coalition, Inc**    represented by    **Robert Julian Aragon**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Henry Moss**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jordon George**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Second Amendment Foundation**    represented by    **Robert Julian Aragon**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Henry Moss**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jordon George**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Michelle Lujan Grisham**    represented by    **Holly Agajanian**
*individually and in her offical capacity as*    Office of the Governor
*the Govenor of New Mexico*    490 Old Santa Fe Trail
Ste. 400
Santa Fe, NM 87501
505-476-2210
Email: holly.agajanian@exec.nm.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**App. 2**

**Defendant**

| | |
|---|---|
| **Patrick M. Allen**<br>*individually and in his offical capacity as*<br>*the Cabinet Secretary for the New Mexico*<br>*Department of Health* | represented by **Holly Agajanian**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | |
|---|---|
| **Jason R. Bowie**<br>*individually and in his offical capacity as*<br>*Cabinet Secretary of the New Mexico*<br>*Department of Public Safety* | represented by **Holly Agajanian**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | |
|---|---|
| **W Troy Weisler**<br>*individually and in his offical capacity as*<br>*the Chief of the New Mexico State Police* | represented by **Holly Agajanian**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 09/11/2023 | 1 | COMPLAINT against All Defendants ( Filing Fee - Online Payment), filed by FIREARMS POLICY COALITION, INC., NEW MEXICO SHOOTING SPORTS ASSOCIATION, ZACHARY FORT, Second Amendment Foundation. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit Exhibit A, # 3 Exhibit Exhibit B)(George, Jordon) (Entered: 09/11/2023) |
| 09/11/2023 | | Filing and Administrative Fees Received: $ 402 receipt number ANMDC-9000168 re 1 Complaint, filed by NEW MEXICO SHOOTING SPORTS ASSOCIATION, FIREARMS POLICY COALITION, INC., ZACHARY FORT, Second Amendment Foundation (Payment made via Pay.gov)(George, Jordon) (Entered: 09/11/2023) |
| 09/11/2023 | 2 | Corporate Disclosure Statement by FIREARMS POLICY COALITION, INC., ZACHARY FORT, NEW MEXICO SHOOTING SPORTS ASSOCIATION, Second Amendment Foundation (George, Jordon) (Entered: 09/11/2023) |
| 09/11/2023 | 3 | MOTION for Temporary Restraining Order *and Preliminary Injunction* by FIREARMS POLICY COALITION, INC., ZACHARY FORT, NEW MEXICO SHOOTING SPORTS ASSOCIATION, Second Amendment Foundation. (Attachments: # 1 Civil Cover Sheet Information Sheet for T.R.O., # 2 Affidavit Declaration of Zachary Fort in Support of Plaitniffs' Motion for a Temporary Restraining Order and Preliminary Injunction, # 3 Affidavit Declaration of Brandon Combs in Support of Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction, # 4 Affidavit Declaration of Alan Gottlieb in Support of Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction) (George, Jordon) (Entered: 09/11/2023) |
| 09/12/2023 | | United States District Judge David H. Urias and United States Magistrate Judge Laura Fashing assigned. (bc) (Entered: 09/12/2023) |
| 09/12/2023 | | Summons Issued as to All Defendants. (bc) (Entered: 09/12/2023) |
| 09/12/2023 | 4 | NOTICE of Appearance by Robert Julian Aragon on behalf of All Plaintiffs (Aragon, Robert) (Entered: 09/12/2023) |
| 09/12/2023 | 5 | NOTICE of Hearing on Motion 3 MOTION for Temporary Restraining Order :<br><br>Motion Hearing set for 9/13/2023 at 01:00 PM in Albuquerque - 420 Mimbres Courtroom |

| | | before District Judge David H. Urias. (jmg) [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 09/12/2023) |
|---|---|---|
| 09/13/2023 | 6 | NOTICE OF PUBLIC ACCESS TO HEARING scheduled for 9/13/2023 at 1:00 PM: <br><br> AUDIO connection to this hearing can be accessed by following the link below and using the login information provided: <br><br> Click here to access public hearing. <br><br> USERNAME: audio <br><br> PASSWORD: 7AE9EC <br> (jmg) <br> [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 09/13/2023) |
| 09/13/2023 | 7 | TEMPORARY RESTRAINING ORDER by District Judge David H. Urias GRANTING 3 Motion for Temporary Restraining Order (jdf). Modified on 9/14/2023 (bc). (Entered: 09/13/2023) |
| 09/13/2023 | 8 | Clerk's Minutes for proceedings held before District Judge David H. Urias: Temporary Restraining Order Hearing held on 9/13/2023. (Court Reporter C. McAlister) (arp) (Entered: 09/14/2023) |
| 09/15/2023 | 9 | NOTICE of Hearing on Motion for Preliminary Injunction set for 10/3/2023 at 10:00 AM in Albuquerque - 420 Mimbres Courtroom before District Judge David H. Urias. <br><br> [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.](jdf) (Entered: 09/15/2023) |
| 09/15/2023 | | Set Hearing as to Motion Hearing set for 10/3/2023 at 10:00 AM in Albuquerque - 420 Mimbres Courtroom before District Judge David H. Urias. (arp) (Entered: 09/18/2023) |
| 09/19/2023 | 10 | SUMMONS Returned Executed by Firearms Policy Coalition, Inc, New Mexico Shooting Sports Association, Zachary Fort, Second Amendment Foundation. Jason R. Bowie served on 9/12/2023, answer due 10/3/2023. (George, Jordon) (Entered: 09/19/2023) |
| 09/19/2023 | 11 | SUMMONS Returned Executed by Firearms Policy Coalition, Inc, New Mexico Shooting Sports Association, Zachary Fort, Second Amendment Foundation. Michelle Lujan Grisham served on 9/12/2023, answer due 10/3/2023. (George, Jordon) (Entered: 09/19/2023) |
| 09/19/2023 | 12 | SUMMONS Returned Executed by Firearms Policy Coalition, Inc, New Mexico Shooting Sports Association, Zachary Fort, Second Amendment Foundation. Patrick M. Allen served on 9/12/2023, answer due 10/3/2023. (George, Jordon) (Entered: 09/19/2023) |
| 09/19/2023 | 13 | SUMMONS Returned Executed by Firearms Policy Coalition, Inc, New Mexico Shooting Sports Association, Zachary Fort, Second Amendment Foundation. W Troy Weisler served on 9/12/2023, answer due 10/3/2023. (George, Jordon) (Entered: 09/19/2023) |
| 09/19/2023 | 14 | CERTIFICATE OF SERVICE by Firearms Policy Coalition, Inc, Zachary Fort, New Mexico Shooting Sports Association, Second Amendment Foundation (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(George, Jordon) (Entered: 09/19/2023) |
| 09/22/2023 | 15 | TRANSCRIPT of Proceedings of Temporary Restraining Order held on September 13, 2023, before District Judge David H. Urias. Court Reporter/Transcriber Carmela |

| | | |
|---|---|---|
| | | McAlister, Telephone number 505-348-2094. Transcript may be viewed at the Clerk's Office public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**PLEASE TAKE NOTICE that each party now has seven (7) calendar days to file a Notice of Intent to Request Redaction of any personal identifiers from this transcript. If no notice is filed during this seven-day period, the court will assume that redaction of personal data is not necessary and will make the transcript electronically available, as is, to the public after 90 days. For additional guidance, PLEASE REVIEW the complete policy, located in the CM/ECF Administrative Procedures Manual at https://www.nmd.uscourts.gov.**<br><br>Notice of Intent to Request Redaction set for 9/29/2023. Redaction Request due 10/13/2023. Redacted Transcript Deadline set for 10/23/2023. Release of Transcript Restriction set for 12/21/2023.(cm) Modified text on 9/25/2023 (bap). (Entered: 09/22/2023) |
| 10/02/2023 | 16 | RESPONSE in Opposition re 3 MOTION for Temporary Restraining Order *and Preliminary Injunction* filed by Patrick M. Allen, Jason R. Bowie, Michelle Lujan Grisham, W Troy Weisler. (Attachments: # 1 Exhibit A) (Agajanian, Holly) (Entered: 10/02/2023) |
| 10/03/2023 | 17 | NOTICE OF PUBLIC ACCESS TO HEARING scheduled for 10/3/2023 at 10:00 AM:<br><br>AUDIO connection to this hearing can be accessed by following the link below and using the login information provided:<br><br>Click here to access public hearing.<br><br>USERNAME: audio<br><br>PASSWORD: 07FE9C<br>(jmg)<br>[THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 10/03/2023) |
| 10/03/2023 | 18 | NOTICE of Appearance by Jordon George on behalf of Firearms Policy Coalition, Inc, Zachary Fort, New Mexico Shooting Sports Association, Second Amendment Foundation (George, Jordon) (Entered: 10/03/2023) |
| 10/03/2023 | 19 | NOTICE of Appearance by Holly Agajanian on behalf of All Defendants (Agajanian, Holly) (Entered: 10/03/2023) |
| 10/03/2023 | 20 | Clerk's Minutes for proceedings held before District Judge David H. Urias: Preliminary Injunction Hearing held on 10/3/2023. (Court Reporter C. McAlister) (fs) (Entered: 10/03/2023) |
| 10/04/2023 | 21 | ORDER by District Judge David H. Urias:<br><br>DENYING Plaintiffs Motion for Preliminary Injunction as to Defendants Public Health Order dated September 8, 2023 (Original PHO) on mootness grounds;<br><br>Extending Temporary Restraining Order as to firearms restrictions in public parks until October 11, 2023;<br><br>The Court takes Plaintiffs request for a preliminary injunction as to the Amended Public |

| | | Health Order issued September 15, 2023, under advisement. (crg)<br><br>THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED. (Entered: 10/04/2023) |
|---|---|---|
| 10/05/2023 | [22](#) | NOTICE OF HEARING WITH VIDEO STREAMING: Status Conference set for 10/18/2023 at 11:00 AM in Remote via Zoom before Magistrate Judge Laura Fashing. (cda)<br><br>NOTE:<br><br>1. This proceeding will be held via Zoom Video/Web Conferencing with all participants appearing remotely; The Zoom ID and Passcode will be docketed separately and available to the parties but not the public.<br><br>2. Participants should connect to the proceeding 15 minutes prior its scheduled start time to allow time for trouble-shooting of any connectivity issues.<br><br>3. To ensure the record is of the best quality participants are encouraged to utilize a headset to reduce static and background noise; if not using a headset participants must ensure the audio feed at their location is muted when not speaking.<br><br>*** REMINDER: Recording or broadcasting of this hearing is prohibited. ***<br><br>This hearing will be available for remote viewing by video stream. Please visit the Court's website at www.nmd.uscourts.gov for information and instructions to connect. (Entered: 10/05/2023) |
| 10/06/2023 | [24](#) | Supplemental MOTION for Temporary Restraining Order , Supplemental MOTION for Preliminary Injunction by Firearms Policy Coalition, Inc, Zachary Fort, New Mexico Shooting Sports Association, Second Amendment Foundation. (Attachments: # 1 Exhibit A) (George, Jordon) (Entered: 10/06/2023) |
| 10/10/2023 | [25](#) | ORDER CONSOLIDATING CASES by District Judge David H. Urias. Cases: 23-CV-771, 23-CV-772, 23-CV-773, 23-CV-774, 23-CV-778, and 23-CV-839. All pleadings shall be filed under the lead case number 23-CV-773. (fs) (Entered: 10/10/2023) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/30/2024 07:35:14 | | |
| **PACER Login:** | reception | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:23-cv-00778-DHU-LF |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |

**IN UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| ZACHARY FORT, FIREARMS POLICY COALITION, INC., SECOND AMENDMENT FOUNDATION, *and* NEW MEXICO SHOOTING SPORTS ASSOCIATION, INC. | : : : : |
|      *Plaintiffs*, | : Civil Action No. |
| | : |
| v. | : |
| | : |
| MICHELLE LUJAN GRISHAM, individually and in her official capacity as the Governor of New Mexico, PATRICK M. ALLEN, individually and in his official capacity as the Cabinet Secretary for the New Mexico Department of Health; JASON R. BOWIE, individually and in his official capacity as the Cabinet Secretary of the New Mexico Department of Public Safety, and W. TROY WEISLER, individually and in his official capacity as the Chief of the New Mexico State Police, | : : : : : : : : : : : |
|      *Defendants*. | : |

**COMPLAINT**

Plaintiffs ZACHARY FORT, FIREARMS POLICY COALITION, INC., SECOND AMENDMENT FOUNDATION, and NEW MEXICO SHOOTING SPORTS ASSOCIATION, by and through counsel of record, Aragon Moss George Jenkins, LLP (Jordon P. George), bring this Complaint against Defendants, officials of the State of New Mexico, for infringing the right of law-abiding, peaceful citizens to carry firearms for defense of self and family and for other lawful purposes, and allege as follows:

**INTRODUCTION**

1.    The Second Amendment to the United States Constitution guarantees "the right of the people to keep and bear Arms." U.S. CONST. amend. II. It "protect[s] an individual's right to carry a handgun for self-defense outside the home," *New York State Rifle & Pistol Ass'n, Inc. v.*

*Bruen*, 142 S. Ct. 2111, 2122 (2022), so that they can be "armed and ready for offensive or defensive action in case of conflict with another person," *id.* at 2134 (quoting *District of Columbia v. Heller*, 554 U.S. 570,584 (2008)).

2.      This right has been recognized throughout American history. "American governments simply have not broadly prohibited the public carry of commonly used firearms for self-defense." *Id.* at 2156.

3.      Despite clear Supreme Court precedent establishing the Second Amendment's protection of the right to carry, on September 7, 2023, New Mexico Governor Michelle Lujan Grisham issued Executive Order 2023-130 (attached as Exhibit A) declaring a state of emergency exists in New Mexico related to "gun violence". Based upon the declaration of an emergency, Secretary of the New Mexico Department of Health, Patrick Allen, issued a "Public Health Emergency Order Imposing Temporary Firearm Restrictions, Drug Monitoring, and Other Public Safety Measures" (attached as Exhibit B) (collectively, the "Orders") on September 8, 2023.

4.      The Orders make it illegal, until at least October 6, 2023, for "ordinary, law-abiding citizens," *Bruen*, 142 S. Ct. at 2122, of New Mexico to carry firearms in public for self-defense in Albuquerque or Bernalillo County.

5.      This restriction is in flagrant violation of Plaintiffs' right to carry firearms in public for self-defense, a right that has been clearly established by the United States Supreme Court. Indeed, the Orders perversely target the right to carry in the places where self-defense is most necessary.

## JURISDICTION & VENUE

6.      This Court has subject-matter jurisdiction over all claims for relief pursuant to

28 U.S.C. §§ 1331, 1343.

7.      Plaintiffs seek remedies under 28 U.S.C. §§ 1651, 2201, and 2202 and 42 U.S.C. §§ 1983 and 1988.

8.      Venue lies in this Court under 28 U.S.C. § 1391(b)(1) and (b)(2).

## PARTIES

**Plaintiffs**

9.      Plaintiff Zachary Fort is a natural person, a citizen of the United States and New Mexico, who resides in Bernalillo County, New Mexico. He is a law-abiding citizen who currently possesses a valid concealed handgun license. Fort regularly carries a lawfully owned firearm for self-defense in public in Albuquerque and Bernalillo County. Because of the unconstitutional restrictions related to the declared emergency, and his fear of enforcement, Fort can no longer carry a firearm in public. If it were not for the challenged restrictions, Fort would resume carrying firearms in public for self-defense in Albuquerque and Bernalillo County. Fort is a member of each of the Organizational Plaintiffs (listed below).

10.     Plaintiff Firearms Policy Coalition, Inc. ("FPC") is a nonprofit organization incorporated in Delaware with a primary place of business in Clark County, Nevada. FPC works to create a world of maximal human liberty and freedom and to promote and protect individual liberty, private property, and economic freedoms. It seeks to protect, defend, and advance the People's rights, especially but not limited to the inalienable, fundamental, and individual right to keep and bear arms and protect the means by which individuals may exercise the right to carry and use firearms. FPC has members nationwide, including in the state of New Mexico, including

Plaintiff Fort. FPC brings this action on behalf of its members, including Plaintiff Fort, whose rights have been infringed by New Mexico's illegal policies.

11.     Plaintiff Second Amendment Foundation ("SAF") is a nonprofit educational foundation incorporated in 1974 under the laws of Washington with its principal place of business in Bellevue, Washington. SAF is a 501(c)(3) organization under Title 26 of the United States Code. SAF's mission is to preserve the individual constitutional right to keep and bear arms through public education, judicial, historical, and economic research, publishing, and legal-action programs focused on the civil right guaranteed by the Second Amendment to the United States Constitution. SAF has more than 720,000 members nationwide, including in the State of New Mexico, including Plaintiff Fort. SAF brings this action on behalf of its members, including Plaintiff Fort, who are adversely and directly harmed by Defendants' enforcement of the laws, regulations, policies, practices, and customs challenged herein.

12.     Plaintiff New Mexico Shooting Sports Association, Inc. ("NMSSA"), is a 501(c)(4) nonprofit corporation, incorporated in New Mexico and with its principal place of business in New Mexico. NMSSA's mission is to promote social welfare and public safety, law and order, and the national defense; to educate and train citizens of good repute in the safe and efficient handling of small arms and to encourage their lawful ownership and use of small arms. NMSSA has over 1,000 members in the State of New Mexico, including Plaintiff Fort who is also on its board of directors. NMSSA brings this action on behalf of its members, including Plaintiff Fort, who are adversely and directly harmed by Defendant's enforcement of the laws, regulations, policies, practices, and customs challenged herein.

**Defendants**

13.     Defendant Michelle Lujan Grisham is sued in her individual capacity and her official capacity as the Governor of New Mexico. Article V, Section 4 of the New Mexico Constitution vests the Governor with the state's "supreme executive power" and tasks her with taking care that the laws be faithfully executed. The Governor is also directly responsible for the declaration of emergency that has deprived Plaintiffs of their Second Amendment right to carry a firearm in public.

14.     Defendant Patrick M. Allen is sued in his individual capacity and his official capacity as the Cabinet Secretary of the New Mexico Department of Health. Allen oversees the New Mexico public health system and its emergency response services and has the authority to issue emergency orders. He is directly responsible for the PHE order that has deprived Plaintiffs of their Second Amendment right to carry a firearm in public.

15.     Defendant Jason R. Bowie is sued in his individual capacity and his official capacity as the Cabinet Secretary of the New Mexico Department of Public Safety. Defendant Bowie oversees statewide law enforcement activities, including those of the New Mexico State Police.

16.     Defendant W. Troy Weisler is sued in his individual capacity and his official capacity as the Chief of the New Mexico State Police, a division of the Department of Public Safety. As State Police Chief, Defendant Weisler exercises, delegates, or supervises all the powers and duties of the New Mexico State Police, the body responsible for executing and enforcing New Mexico's laws and regulations governing the carrying of firearms in public, and the entity explicitly tasked by the Governor and Defendant Allen with enforcing the unlawful actions

challenged here.

## FACTUAL ALLEGATIONS

17.     On September 7, 2023, Governor Grisham issued Executive Order 2023-130. The Executive Order declares that "gun violence" "constitutes a statewide public health emergency of unknown duration" and "a manmade disaster threatening widespread physical or economic harm that is beyond local control." Ex A at 2.

18.     The Executive Order directs the Department of Public Health, Department of Homeland Security and Emergency Management, and the Department of Public Safety to "provide an effective and coordinated response" to the purported emergency. *Id.*

19.     Unless extended, the declared emergency expires on October 6, 2023. *Id.*

20.     On September 8, 2023, pursuant to the Executive Order, Defendant Allen issued a Public Health Emergency Order Imposing Temporary Firearm Restrictions, Drug Monitoring and Other Public Safety Measures.  Ex. B at 1.

21.     Under the Orders, "[n]o person, other than a law enforcement officer or licensed security officer shall possess [in public] a firearm . . . either openly or concealed, within cities or counties averaging 1,000 or more violent crimes per 100,000 residents per year since 2021 . . . AND more than 90 firearm-related emergency department visits per 100,000 residents from July 2022 to June 2023." *Id.* at 1–2.

22.     According to Defendant Grisham, that means that the Orders apply to the city of Albuquerque and to Bernalillo County. *See* Austin Fisher, *No clear penalty for violating N.M. public health order on guns*, SOURCENM (Sept. 8, 2023, 7:10pm), *available* ttps://bit.ly/3PBBLZb.

23.     The Orders also make it illegal to possess a firearm on all state property, including

public parks. Ex. B at 2.

24.     The Orders further direct the Departments of Health, Public Safety, and Homeland Security and Emergency Management, "and all other State departments and agencies . . . to take all appropriate steps to ensure compliance with this Order" and subjects violators of the Orders to "civil administrative penalties available at law." Ex. B. at 3.

25.     Governor Grisham stated that violating the Order would be treated as a misdemeanor, though that claim conflicts with the Orders' plain language. Fisher, *No clear penalty*, supra.

26.     Albuquerque and Bernalillo County officials have refused to enforce the Order, citing its unconstitutionality. *See, e.g.*, Alison Giron & Gabriel Chavez, *Gov. Lujan Grisham issues order to suspend open, concealed carry of guns in Bernalillo County*, KRQE NEWS (Sept. 11, 2023, 7:45 AM MDT), *available at* https://bit.ly/48ecUBJ.

27.     However, the State Police is required to carry out the Executive Order and has not, to Plaintiffs knowledge, disclaimed that duty. Fisher, *No clear penalty*, supra.

28.     Because he fears the undefined civil and administrative penalties for violating the Order, Plaintiff Fort, has ceased carrying a firearm in public for self-defense.

29.     If the Orders were retracted, Plaintiff Fort would immediately resume carrying a firearm in public for lawful purposes.

## <u>COUNT ONE</u>

**42 U.S.C. § 1983 - Deprivation of Plaintiffs' Rights under the Second and Fourteenth Amendments of the United States Constitution.**

30.     Plaintiffs incorporate by reference the foregoing paragraphs as if fully set forth herein.

31.     The Second Amendment to the United States Constitution provides: "A well-regulated Militia being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed."

32.     The Second Amendment is fully applicable to the States through the Fourteenth Amendment. *McDonald v. City of Chicago*, 561 U.S. 742, 750 (2010); *id.* at 805 (Thomas, J., concurring).

33.     The Supreme Court has recognized that, under the Second Amendment, "ordinary law-abiding citizens have a . . . right to carry handguns in public for self-defense." *Bruen*, 142 S. Ct. at 2122.

34.     The Supreme Court has thoroughly examined the history of restrictions on the right to carry firearms in public and concluded that "[a]part from a few late-19th-century outlier jurisdictions, American government simply have not broadly prohibited the public carry of commonly used firearms for personal defense." *Id.* at 2156.

35.     As such the Orders and Defendants' enforcement of them violates Plaintiffs clearly established constitutional rights because they prohibit Plaintiffs from carrying firearms in public for self-defense as they are entitled to do under the Second Amendment.

36.     As a direct and proximate result of the above infringement and impermissible burden on Plaintiffs' Second and Fourteenth Amendment rights, Plaintiffs have suffered—and continue to suffer—from an unlawful and irreparable deprivation of their fundamental right to keep and bear arms.

## PRAYER FOR RELIEF

37.     WHEREFORE, Plaintiffs respectfully pray for the following relief:

a.      Declare that the Orders and all related laws, regulations, policies, and procedures, violate the right to keep and bear arms, as guaranteed under the Second and Fourteenth Amendments to the United States Constitution;

b.      Temporarily restrain each Defendant, each Defendant's respective employees, officers, agents, and representatives, and all those acting in concert or participation with him or her, from enforcing the Orders and all related regulations, policies, and/or customs designed to enforce or implement the same;

c.      Preliminarily and permanently enjoin each Defendant, each Defendant's respective employees, officers, agents, and representatives, and all those acting in concert or participation with him or her, from enforcing Orders and all related regulations, policies, and/or customs designed to enforce or implement the same;

d.      Award Plaintiffs nominal damages for the deprivation of their right to bear arms in public for self-defense;

e.      Award Plaintiffs attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and any other applicable law; and,

f.      Grant any and all other and further legal and equitable relief against Defendants as necessary to effectuate the Court's judgment, or as the Court otherwise deems just and proper.

Dated: September 11, 2023

Respectfully Submitted,

**ARAGON MOSS**
**GEORGE JENKINS, LLP**


By:    */s/ Jordon P. George*
        Jordon P. George
        2201 Menaul Blvd NE
        Albuquerque, NM 87107
        (505) 872-3022
        (505) 214-5317 (facsimile)
        jordon@amgjlaw.com

        *Attorneys for Plaintiffs*

**IN UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ZACHARY FORT, FIREARMS POLICY :
COALITION, INC., SECOND AMENDMENT :
FOUNDATION, *and* NEW MEXICO SHOOTING :
SPORTS ASSOCIATION, INC. :
     *Plaintiffs*, : Civil Action No. 1:23-cv-00778
     :
v. :
     :
MICHELLE LUJAN GRISHAM, individually and :
in her official capacity as the Governor of New : **MOTION FOR TEMPORARY**
Mexico, PATRICK M. ALLEN, individually and in : **RESTRAINING ORDER AND**
his official capacity as the Cabinet Secretary for the : **PRELIMINARY INJUNCTION**
New Mexico Department of Health; JASON R. :
BOWIE, individually and in his official capacity as :
the Cabinet Secretary of the New Mexico :
Department of Public Safety, and W. TROY :
WEISLER, individually and in his official capacity :
as the Chief of the New Mexico State Police, :
     *Defendants*. :

**MOTION**

     Pursuant to Federal Rule of Civil Procedure 65, Plaintiffs Zachary Fort, Firearms Policy

Coalition, Inc., Second Amendment Foundation, and New Mexico Shooting Sports Association,

Inc., respectfully request that this court enter a temporary restraining order and a preliminary

injunction restraining Defendants and their officers, agents, servants, employees, and all persons

in concert or participation with them who receive notice of the temporary restraining order from

enforcing the provisions of the challenged Orders described below. This motion is supported by

the memorandum of law below.

**BACKGROUND**

     This case revolves around two emergency orders (collectively, the "Orders") which have

the effect of making it unlawful for Plaintiffs, or for any ordinary, law-abiding citizens, to carry

firearms in public for self-defense in Bernalillo County and Albuquerque. The first, Executive Order 2023-130, attached as Exhibit A to the Complaint, was announced on September 7, 2023. In it, New Mexico Governor Michelle Lujan Grisham declared "a statewide public health emergency of unknown duration," and "man-made disaster causing or threatening widespread physical or economic harm that is beyond local control" as a result of "gun violence" and "gun deaths." Compl. Ex. A at 2. To combat this emergency, the Executive Order provided funding to the Department of Health, Department of Homeland Security and Emergency Management, and Department of Public Safety and directed those departments to collaborate to provide a "coordinated response to this public health emergency." *Id.* at 1. Unless extended, the declared emergency will remain in effect until October 6, 2023. *Id.* at 3.

The next day, the Department of Public Health issued an emergency order which bars ordinary, law-abiding citizens from carrying firearms in public for self-defense in any "cities or counties averaging 1,000 or more violent crimes per 100,000 residents per year since 2021" and "more than 90 firearm-related emergency department visits per 100,000 residents." Public Health Emergency Order Imposing Temporary Firearm Restrictions, Drug Monitoring and Other Public Safety Measures, attached as Exhibit B to the Complaint at 1. The PHE Order lasts as long as the declared emergency, *id.* at 3, and in so many words, covers exclusively Bernalillo County and Albuquerque, *see* Austin Fisher, *No clear penalty for violating N.M. public health order on guns*, SᴏᴜʀᴄᴇNM (Sept. 8, 2023, 7:10pm), *available at* https://bit.ly/3PBBLZb. The Orders also make it illegal to possess a firearm on all state property, including public parks. Compl. Ex. B at 2. The Defendants in this case are charged with enforcing the Orders and violations may be punished with undefined "civil administrative penalties available at law." *Id.* at 3.

Plaintiffs are one individual and three organizations that count him as a member. Compl.

11–14; *see also,* Declarations of Zachary Fort, Brandon Combs, and Alan Gottlieb, filed herewith.  Plaintiff Zachary Fort is a law-abiding resident of Albuquerque who ordinarily carries a firearm in public for self-defense, both in Albuquerque itself and in the rest of Bernalillo County. *Id.*   11. However, for fear of enforcement of the Orders by the Defendants, he now must refrain from doing so. *Id.*  If it were not for the Orders, he would continue to carry firearms in public for self-defense. *Id.*  Firearms Policy Coalition, Inc., Second Amendment Foundation, and New Mexico Shooting Sports Association, Inc., are all non-profit organizations dedicated to promoting the right to keep and bear arms and all count Plaintiff Fort, and thousands of other New Mexicans, as their members. *Id.* at 12–14. Members of each of the organizations are injured by the enforcement of the Orders by the Defendants and the organizations bring this lawsuit on their members behalf. *Id.*

## ARGUMENT

"The requirements for a TRO issuance are essentially the same as those for a preliminary injunction order. The primary differences between a TRO and a preliminary injunction are that a TRO may issue without notice to the opposing party and that TROs are limited in duration." *astman v.  nited States*, 615 F. Supp. 3d 1250, 1254 (D.N.M. 2022) (cleaned up). In both cases, Plaintiffs must establish "(1) a likelihood of success on the merits; (2) a likelihood that [they] will suffer irreparable harm if the injunction is not granted; (3) the balance of the equities is in [their] favor; and (4) the preliminary injunction is in the public interest." *Id.* Here all four requirements are satisfied.

### I.  The Orders Are Blatantly Unconstitutional.

The Second Amendment provides: "A well-regulated Militia being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed." Ordinarily, in assessing a challenge to a state statute, policy or regulation under the Second

**App. 19**

Amendment, courts begin by assessing the plain text of the Second Amendment. If "the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2126 (2022). At that point, the burden is on the government to justify its regulation by demonstrating it "is consistent with this Nation's historical tradition of firearm regulation." *Id.* But in this case, none of that work is necessary. That is because, in the very same case that laid out that test, the Supreme Court squarely held that "law-abiding citizens have a . . . right to carry handguns in publicly for self-defense." *Id.* at 2122. And lest there be any doubt, the Supreme Court undertook an exhaustive review of the history of regulations limiting the right to carry firearms in public and concluded, "[a]t the end of [its] long journey through the Anglo-American history of public carry . . . [a]part from a few late-19th-century outlier jurisdictions, American governments simply have not broadly prohibited the public carry of commonly used firearms for personal defense." *Id* at 2156. In so holding, *Bruen* also held that there is "no historical basis" to declare an entire city or county as a "sensitive place" in which the right to carry a firearm may be restricted. *Id.* at 2134.

Yet, that is precisely what the Orders do for residents of and visitors to Bernalillo County and Albuquerque. In announcing the emergency declaration, Governor Grisham did not appeal to any historical restrictions on the right that might justify the Orders but rather claimed for herself "additional powers" to implement temporary restrictions "if there's an emergency" (in her own judgment), noting that "[n]o constitutional right, in my view, including my oath, is intended to be absolute." KOB4, *New Me ico Gov. Lujan Grisham holds news conference on gun violence* at 32:03, YouTube (Sept. 8, 2023), https://bit.ly/44QoAYB. But there is no historical support for such a power, *Bruen* squarely forecloses it, and Plaintiffs are likely to succeed on their claim that the Orders are unconstitutional.

4

**App. 20**

## II.  The Other Factors Also Favor Plaintiffs.

Plaintiffs face irreparable harm from the Orders eliminating their right to carry firearms in public. "What makes an injury  irreparable' is the inadequacy of, and the difficulty of calculating, a monetary remedy after full trial. Any deprivation of any constitutional right fits that bill." *ree the Nipple  ort Collins v. City of  ort Collins, Colo.*, 916 F.3d 792, 806 (10th Cir. 2019). That is especially true here, where the right in question is to "be[] armed and ready for offensive or defensive action in a case of conflict with another person," *District of Columbia v. Heller*, 554 U.S. 570, 584 (2008) (quotation omitted), and the Orders, by definition, target the places in New Mexico with the most "gun violence," where the right to defend oneself is most important, even as the Governor candidly acknowledged that criminals, against whom defense is needed, would not follow the Orders. *See* Allison Giron & Gabriel Chavez, *Gov. Lujan Grisham issues order to suspend open, concealed carry of guns in Bernalillo County,* KRQE NEWS (Sept. 11, 2023, 7:45 AM MDT), *available at* https://bit.ly/48ecUBJ.

Likewise, the balance of harms favor Plaintiffs since, "[w]hen a constitutional right hangs in the balance . . .  even a temporary loss' usually trumps any harm to the defendant." *ree the Nipple*, 916 F.3d at 806. Again, that is especially true here where the Defendants have targeted law-abiding citizen's rights to try and halt the actions of criminals who will not be dissuaded by the possible imposition of "administrative and civil penalties" if they are not deterred by the threat of criminal enforcement. And last of all, "it's always in the public interest to prevent the violation of a party's constitutional rights," so the final factor favors Plaintiffs as well. *Id.*  at 807 (quotations omitted).

## CONCLUSION

For these reasons, the Court should enter a temporary restraining order and preliminary injunction in Plaintiffs' favor against enforcement of the unconstitutional Orders.

**App. 21**

Respectfully Submitted,

**ARAGON MOSS**
**GEORGE JENKINS, LLP**


By:      */s/ Jordon P. George*
          Jordon P. George
          2201 Menaul Blvd NE
          Albuquerque, NM 87107
          (505) 872-3022
          (505) 214-5317 (facsimile)
          jordon@amgjlaw.com

          *Attorneys for Plaintiffs*

6

**App. 22**

## IN UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| ZACHARY FORT, NEW MEXICO SHOOTING SPORTS ASSOCIATION, FIREARMS POLICY COALITION, INC., and SECOND AMENDMENT FOUNDATION,<br>   *Plaintiffs*, | : : : : : : | Civil Action No. |
| v. | : : : | |
| MICHELLE LUJAN GRISHAM, individually and in her official capacity as the Governor of New Mexico, PATRICK M. ALLEN, individually and in his official capacity as the Cabinet Secretary for the New Mexico Department of Health; JASON R. BOWIE, individually and in his official capacity as the Cabinet Secretary of the New Mexico Department of Public Safety, and W. TROY WEISLER, individually and in his official capacity as the Chief of the New Mexico State Police,<br>   *Defendants*. | : : : : : : : : : : : : | **DECLARATION OF ZACHARY FORT IN SUPPORT OF PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

I, Zachary Fort, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following statements are true and correct to the best of my knowledge:

1. I am over 18 years of age, competent to testify, and have personal knowledge of the matters stated herein. I make this declaration in support of plaintiffs' emergency motion for a temporary restraining order and preliminary injunction.

2. I am the former president, and current treasurer, of the New Mexico Shooting Sports Association, Inc. ("NMSSA").

3. NMSSA is a 501(c)(4) nonprofit corporation, incorporated in New Mexico and with its principal place of business in New Mexico.

4.      NMSSA's mission is to promote social welfare and public safety, law and order, and the national defense; to educate and train citizens of good repute in the safe and efficient handling of small arms and to encourage their lawful ownership and use of small arms.

5.      NMSSA has over 1,000 members in the State of New Mexico, including myself.

6.      NMSSA has filed this lawsuit on behalf of its members, including myself, whose rights to carry firearms in public for lawful purposes are being abridged by the unconstitutional emergency declarations and orders challenged here.

7.      I am a citizen of the United States and New Mexico, and I reside in Albuquerque, which is located in Bernalillo County, New Mexico.

8.      I possess a valid concealed handgun license.

9.      I regularly carry a lawfully owned firearm for self-defense in public in Albuquerque and Bernalillo County.

10.     I have, however, ceased carrying a firearm for self-defense in public because I fear enforcement of the challenged emergency declarations and orders against me.

11.     If the challenged emergency declarations and orders were retracted I would resume carrying firearms for self-defense in Albuquerque and Bernalillo County.

12.     In addition to NMSSA, I am a member of Firearms Policy Coalition, Inc. and Second Amendment Foundation.

DATED this 11th day of September, 2023.


_____  *Zachary Fort*
Zachary Fort
Treasurer
New Mexico Shooting Sports Association, Inc.

**App. 24**

## IN UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ZACHARY FORT, *et al.*               :
    *Plaintiffs*,                  :   Civil Action No.1:23-cv-00778-DHU-LF
                                   :
v.                                   :
                                   :   **SUPPLEMENTAL MOTION FOR**
MICHELLE LUJAN GRISHAM, individually and :   **TEMPORARY RESTRAINING**
in her official capacity as the Governor of New :   **ORDER AND PRELIMINARY**
Mexico, *et al.*,                    :   **INJUNCTION**
    *Defendants*.                  :
                                   :
                                   :
                                   :
                                   :

## MOTION

Pursuant to Federal Rule of Civil Procedure 65, Plaintiffs respectfully supplement their previous motion for a temporary restraining order and preliminary injunction to clarify that they continue to seek relief against the recently amended public health order which has the effect of making it unlawful to carry firearms in public parks in Bernalillo County and Albuquerque.

## BACKGROUND

Plaintiffs submit this supplemental motion in response to the Governor's withdrawal (as a result of this Court's temporary restraining order) of the initial emergency order that spurred Plaintiffs to file this case. Plaintiffs incorporate by reference the facts laid out in their initial motion. The Governor's amended emergency order is, much like its predecessor, an unconstitutional infringement of the right of law-abiding New Mexicans to bear arms in public for self-defense. Plaintiffs remain injured by the amended order which persists in making it unlawful to carry firearms for self-defense in public parks in Albuquerque and Bernalillo County. *See* Public Health Order, Ex. A, Doc. 16-1 at 2 (Oct. 2, 2023). Plaintiff Fort, who is a member of the other

Plaintiffs, would, if it were lawful to do so, carry a firearm in public in parks in Bernalillo County. *See* Supplemental Declaration of Zachary Fort at ¶¶ 4–5 ("Fort Decl."), attached hereto as Exhibit A. He is unable to do so because of the amended emergency order.[1]

## ARGUMENT

**I.  The Revised Order's Ban on Carriage in Public Parks is Unconstitutional.**

The Governor argues that the ban on carrying in public parks is justified as a restriction on carriage in " 'traditionally sensitive places,' " arguing that some " 'sensitive places' " restrictions are *per se* valid under the Second Amendment so that this "Court is not required to engage in historical analysis pertaining to regulation on firearms." Defs.' Resp. in Opp'n for TRO, Doc. 16 at 15 (Oct. 2, 2023) ("Defs.' Resp."). That is not true. In fact, as the phrase "traditionally sensitive places" indicates, "sensitive places" are not an *exception* to *Bruen*'s exacting historical analysis, but an *application* of it. *New York State Rifle & Pistol Ass'n, Inc. v. Bruen* used "sensitive places" as an example of historical restrictions that inform our understanding of the right, explaining that there were historical laws forbidding the carrying of firearms in three specific "sensitive places"— "legislative assemblies, polling places and courthouses"—and from these it instructed lower courts to "use analogies to *those historical regulations* of 'sensitive places' to determine" whether carry prohibitions "in *new* and analogous sensitive places are constitutionally permissible." 142 S. Ct. 2111, 2133 (2022) (first emphasis added). While *Bruen* mentions *Heller*'s discussion of "schools and government buildings," the only historical restrictions it endorses for use in analogical

---

[1] As the Court knows, when Plaintiffs filed their complaint, the restrictions in force were broader. Plaintiffs believe that their initial complaint's allegation that the original order "violates Plaintiffs['] clearly established constitutional rights because they prohibit Plaintiffs from carrying firearms in public for self-defense as they are entitled to do under the Second Amendment" fairly encompass the claim (under the amended order) that the ban on carrying firearms in public parks is unconstitutional. Complaint, Doc. 1 ¶35 (Sept. 11, 2023). To the extent that this Court disagrees, Plaintiffs can amend or supplement their complaint.

reasoning under *Bruen*'s historical inquiry were limited to those three locations. *Id.* (quoting *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008)).

Accordingly, the Governor bears the burden of proving the amended order's restrictions on public parks is valid by reference to these historical restrictions, which involves proving that the amended order's ban is consistent with those historical laws. *See id.* at 2135. She has failed to do so. First, the Governor argues that places where "children are frequently present in large numbers" qualify as "sensitive places." Defs.' Resp. at 15.[2] But the presence of children is not what has historically converted a location into a "sensitive place." Children are present in many places, including the home, where their parents have an undoubted right to keep and carry firearms "for defense of self, family, and property." *Heller*, 554 U.S. at 628. None of the sensitive places listed as historically recognized in *Bruen* are notable for having children; if anything, the opposite is true of legislative assemblies, polling places, and courthouses.

Neither is the common thread of these sensitive places "where large numbers of people engaged in recreation." Defs.' Resp. at 17 (quoting *Md. Shall Issue, Inc. v. Montgomery Cnty.,* No. TDC-21-1736, 2023 WL 4373260 at *10 (D. Md. July 6, 2023) ("*MSI*")). Their defining feature was they were locations where the state provided comprehensive security that rendered the need for armed self-defense unnecessary.  To draw a valid analogy to "those historical restrictions," therefore, the State must show that parks today provide a similar level of security, which today equates to controlled entry with metal detectors. *See* Br. for the Ctr. for Human Liberty as *Amicus Curiae* at 9–17, *Antonyuk v. Hochul*, No. 22-2908(2d Cir. Feb. 8, 2023), ECF No. 248. It has not attempted to do so, because it is obvious that they do not.

---

[2] The Governor makes this argument specifically with reference to playgrounds, not parks. Plaintiffs do not challenge the restriction insofar as it applies to *playgrounds* as distinct from *parks*. But because the same argument could be made for parks, Plaintiffs address it here.

Instead, the Governor has hung her hat on a recent District of Maryland case that upheld restrictions on carrying in public parks based on that court's conclusion that "numerous historical statutes and ordinances from the time period before and following the ratification of the *Fourteenth Amendment* imposed such restrictions in relation to parks." Defs.' Resp. at 17 (quoting *MSI*, 2023 WL 4373260 at *11). But the court in Maryland focused on the wrong time period for its analysis. The relevant time period for determining the meaning of the Second Amendment is the Founding era, and "late-19th-century evidence cannot provide much insight into the meaning of the Second Amendment when it contradicts earlier evidence." *Bruen*, 142 S. Ct. at 2154; *see also id.* at 2137 ("[W]e have generally assumed that the scope of the protection applicable to the Federal Government and States is pegged to the public understanding of the right when the Bill of Rights was adopted in 1791."). The Governor is wrong to treat the issue as "open," Defs.' Resp. at 17 n.10, and wrong to adopt *MSI*'s focus on the latter period. *See* Mark W. Smith, *"Not All History Is Created Equal": In the Post-Bruen World, the Critical Period for Historical Analogues Is When the Second Amendment Was Ratified in 1791, and Not 1868*, Harv. J. of L. & Pub. Pol'y Per Curiam (Oct. 1, 2022), https://bit.ly/3CMSKjw.

In fact, *MSI* is an outlier. In *Antonyuk v. Hochul*, the district court, looking to the same laws that *MSI* analyzed, concluded they were insufficient to "constitute a tradition that was *representative* of the Nation" because, even at the late date when they began appearing, such laws applied to a small minority of Americans. 639 F. Supp. 3d 232, 326 (N.D.N.Y. 2022). In *Koons v. Platkin*, the court noted that "the State has failed to come forward with any laws from the 18th century that prohibited firearms in areas that today would be considered parks." --- F. Supp. 3d ----, 2023 WL 3478604, at *83 (D.N.J. May 16, 2023). As for later laws, the Court found that, in addition to coming too late, many were directed not at protecting parkgoers from violence but at

4

**App. 28**

protecting game from hunters. *Id.* at *84. Mindful that later history cannot contradict earlier history, it held that "those laws arising in the mid- to late-19th century do not establish a historical tradition of banning firearms at parks especially since the modern equivalent of parks existed during the nation's founding." *Id.* at *85. And *Wolford*, which the Governor acknowledges on this point, *see* Defs.' Resp. at 17 n.10, was decided after *MSI* and rejected its reasoning, siding instead with *Antonyuk* and *Koons*, noting that "[o]ut of the seventeen laws the [*MSI*] court reviewed, only one local ordinance was enacted before the Fourteenth Amendment's ratification and only one state law was enacted 'during' the time of the Fourteenth Amendment's ratification" so, even looking at the later period as relevant, the Court was not convinced "that there was a national historical tradition of prohibiting the carrying of firearms in parks at the time of the Fourteenth Amendment's ratification." *Wolford v. Lopez*, --- F. Supp. 3d ----, 2023 WL 5043805, at *24 (D. Haw. Aug. 8, 2023).

## II. The Other Injunction Factors Also Favor Plaintiffs.

As Plaintiffs explained in their initial brief in favor of a temporary restraining order or preliminary injunction, the other injunction factors follow naturally from the finding that Plaintiffs' rights are being infringed. The Governor argues that because there is an Albuquerque ordinance that the city has interpreted to carry firearms, among other places, in Albuquerque neighborhood parks, Plaintiffs cannot show irreparable harm since there is an independent bar to carrying in parks in Albuquerque. Defs.' Resp. at 14. However, Plaintiff Fort wishes to carry firearms in parks in Bernalillo County that lie outside the city limits (and to which the ordinance does not apply). *See* Fort Decl. at ¶¶ 4–5. That injury *can* be immediately redressed by this Court.

## CONCLUSION

For these reasons, and those contained in Plaintiffs' initial motion, the Court should enter a preliminary injunction against enforcement of the unconstitutional amended order.

**App. 29**

Respectfully Submitted,

**ARAGON MOSS**
**GEORGE JENKINS, LLP**


By:     */s/ Jordon P. George*
         Jordon P. George
         2201 Menaul Blvd NE
         Albuquerque, NM 87107
         (505) 872-3022
         (505) 214-5317 (facsimile)
         jordon@amgjlaw.com

         *Attorneys for Plaintiffs*

6

**App. 30**

**IN UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| ZACHARY FORT, NEW MEXICO SHOOTING SPORTS ASSOCIATION, FIREARMS POLICY COALITION, INC., and SECOND AMENDMENT FOUNDATION, <br>     *Plaintiffs*, <br><br> v. <br><br> MICHELLE LUJAN GRISHAM, individually and in her official capacity as the Governor of New Mexico, PATRICK M. ALLEN, individually and in his official capacity as the Cabinet Secretary for the New Mexico Department of Health; JASON R. BOWIE, individually and in his official capacity as the Cabinet Secretary of the New Mexico Department of Public Safety, and W. TROY WEISLER, individually and in his official capacity as the Chief of the New Mexico State Police, <br>     *Defendants*. | : <br> : <br> : <br> : <br> :   Civil Action No. 1:23-cv-00778-DHU-LF <br> : <br> : <br> : <br> : <br> :   **SUPPLEMENTAL DECLARATION** <br> :   **OF ZACHARY FORT IN SUPPORT** <br> :   **OF PLAINTIFFS' MOTION FOR A** <br> :   **TEMPORARY RESTRAINING** <br> :   **ORDER AND PRELIMINARY** <br> :   **INJUNCTION** <br> : <br> : <br> : <br> : <br> : <br> : |

I, Zachary Fort, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following statements are true and correct to the best of my knowledge:

1.      I am over 18 years of age, competent to testify, and have personal knowledge of the matters stated herein. I make this second declaration in support of plaintiffs' emergency motion for a temporary restraining order and preliminary injunction.

2.      The statements in my earlier declaration filed in this case remain true and correct.

3.      Since the initial emergency declarations were withdrawn, I have resumed regularly carrying a firearm with me in public for self-defense.

> **EXHIBIT**
>
> **A**

1

4.      I have carried firearms at parks in both Albuquerque and Bernalillo County in the past and I would carry them at parks again in the future if I could do so without threat of prosecution for violating the revised emergency declaration.

5.      Specifically, in Bernalillo County, I would carry at Little Cloud Park.

DATED this 6th day of October, 2023.

Zachary Fort
Treasurer
New Mexico Shooting Sports Association, Inc.

2