**23-2166, 23-2167, 23-2185**

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE TENTH CIRCUIT

---

WE THE PATRIOTS USA, INC., et al.,

     Plaintiffs-Appellants,

v.

MICHELLE LUJAN GRISHAM, in her
official capacity only, et al.,

     Defendants-Appellees.

No. 23-2166
(D.C. No. 1:23-CV-00773-
DHU-LF) (D.N.M.)

---

ZACHARY FORT, et al.,

     Plaintiffs-Appellants,

v.

MICHELLE LUJAN GRISHAM, in her
official capacity only, et al.,

     Defendants-Appellees.

No. 23-2167
(D.C. No. 1:23-CV-00778-
DHU-LF) (D.N.M.)

RANDY DONK, et al.,

     Plaintiffs-Appellants,

v.

MICHELLE LUJAN GRISHAM, in her
official capacity only, et al.,

     Defendants-Appellees.

No. 23-2185
(D.C. No. 1:23-CV-00772-
DHU-LF) (D.N.M.)

On Appeal from the United States District Court, District of New Mexico

The Honorable David Herrera Urias

## CONSOLIDATED SUPPLEMENTAL BRIEF OF
## PLAINTIFFS-APPELLANTS

Cameron Lee Atkinson
ATKINSON LAW, LLC
122 Litchfield Road
P.O. Box 340 St. 2
Harwinton, CT 06791
203-677-0782
catkinson@atkinsonlawfirm.com

*Attorney for Plaintiffs We the Patriots USA, Inc. et al.*

Jordon P. George
ARAGON MOSS GEORGE JENKINS, LLP
2201 Menaul Blvd NE
Albuquerque, NM 87107
505-872-3022
jordon@amgjlaw.com

David H. Thompson
Peter A. Patterson
Kate Hardiman
COOPER & KIRK, PLLC
1523 New Hampshire Ave NW
Washington, D.C. 20036
202-220-9600
dthompson@cooperkirk.com

*Attorneys for Plaintiffs Fort et al.*

Robert J. Olson
WILLIAM J. OLSON, PC
370 Maple Ave. West, Suite 4
Vienna, VA 22180-5615
(703) 356-5070
wjo@mindspring.com

Stephen Stamboulieh
STAMBOULIEH LAW, PLLC
P.O. Box 428
Olive Branch, MS 38654
(601) 852-3440
stephen@sdslaw.us

*Attorneys for Plaintiffs Donk et al.*

This Court has asked the parties for supplemental briefing on three issues ancillary to the merits of this appeal. As we shall explain, even after accounting for the issues the Court has raised, it remains the case that the Court should reverse the decision below and order entry of an injunction against the challenged provisions of the Governor's order.

First, the preliminary injunction entered in *Springer v. Grisham*, No. 1:23-cv-00781, 2023 WL 8436312 (D.N.M. Dec. 5, 2023), does not moot this appeal as to the ban on carrying firearms in parks. Because the *Springer* order is a *preliminary* injunction and not a permanent injunction it is not "impossible for th[is] court to grant any effectual relief whatever to a prevailing party." *Fleming v. Gutierrez*, 785 F.3d 442, 445 (10th Cir. 2015). Plaintiffs would not, however, object to their appeals being coordinated with the *Springer* appeal.

Second, while the City of Albuquerque and Bernalillo County have ordinances that restrict carrying firearms in parks and playgrounds, those ordinances do not affect this appeal. These ordinances either exceed the jurisdictions' authority under the New Mexico Constitution and are therefore void,[1] or are anti-hunting ordinances that have no impact on this appeal. Plaintiffs have also declared that they will visit parks that are not covered by those ordinances, and regardless, the threat of prosecution under the Governor's carry ban alone supports irreparable harm and standing.

Third, the Governor's authority to regulate firearms through repeated executive orders is not an issue in this appeal.

---

[1] *See Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 177 (1803) ("an act of the legislature, repugnant to the constitution, is void").

## I. The *Springer* Injunction Does Not Moot This Appeal.

For an appeal to be moot, it must be "impossible for the court to grant any effectual relief whatever to a prevailing party." *Caddo Nation of Oklahoma v. Wichita & Affiliated Tribes*, 877 F.3d 1171, 1176 (10th Cir. 2017) (citing *Fleming*, 785 F.3d at 445). On December 5th, 2023, a different district court judge entered a preliminary injunction in *Springer v. Grisham*, 2023 WL 8436312, at \*10, enjoining the "portion of the Second Amended Public Health Order restricting the carrying of firearms in public parks in Albuquerque and Bernalillo County." That action is merely preliminary and not final, and therefore does not moot this appeal with respect to carrying in parks.

The *Springer* preliminary injunction does not make it "impossible" for this Court to grant effectual relief to Plaintiffs. A preliminary injunction is, of course, preliminary, and it is subject to reconsideration or dissolution at any time. There are numerous ways in which the *Springer* injunction could cease to exist. For example: Springer could move out of New Mexico; his case could proceed to final judgment; or this Court could undo or modify the injunction in a manner that does not foreclose success by Plaintiffs in these appeals (for instance, by noting that the injunction order in *Springer* appears to be directed against the order itself, rather than against its enforcement by state officials against particular persons). There is therefore no guarantee that the *Springer* preliminary injunction will protect Plaintiffs while they litigate their cases on the merits. That means that these appeals are not moot, either under traditional mootness principles (since it is not impossible to grant effective relief) or under the capable of repetition yet evading review exception to mootness (since, even if the *Springer* injunction currently pauses Plaintiffs' injuries from the park-

carry ban, those injuries could restart if the *Springer* injunction is dissolved before Plaintiffs can litigate their cases to final judgment).

For these reasons, courts have consistently held that a preliminary injunction granted in one case does not moot a request for such relief in other cases, even where the remedies sought overlap. *See, e.g.*, *California v. U.S. Dep't of Health & Hum. Servs.*, 941 F.3d 410, 421 (9th Cir. 2019) (explaining that, "to our knowledge, no court has adopted the view that an injunction imposed by one district court against a defendant deprives every other federal court of subject matter jurisdiction over a dispute in which a plaintiff seeks similar equitable relief against the same defendant"), *judgment vacated on other grounds sub nom Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*, 591 U.S. 657, 686 (2020); *State of Fla. v. Dep't of Health & Hum. Servs.*, 19 F.4th 1271, 1280 (11th Cir. 2021) (appeal seeking preliminary injunction is not moot despite nationwide injunction entered while appeal pending); *N.C. State Conf. of the NAACP v. Raymond*, 981 F.3d 295, 302 (4th Cir. 2020) (preliminary injunction in state court does not moot federal appeal); *Cal. Med. Ass'n v. Douglas*, 848 F. Supp. 2d 1117, 1123 n.1 (C.D. Cal. 2012), *rev'd in part Managed Pharmacy Care v. Sebelius*, 716 F.3d 1235 (9th Cir. 2013) (preliminary injunction entered earlier by same district court with respect to certain plaintiffs does not moot another case with respect to those plaintiffs); *Colon v. Bureau of Alcohol*, No. 8:23-cv-223, 2024 WL 309975, at \*21 (M.D. Fla. Jan. 26, 2024) (nationwide injunction does not moot case seeking preliminary injunction). Accordingly, the *Springer* preliminary injunction does not moot this appeal.

While the *Springer* injunction does not moot these appeals, that does not mean it has no relevance to these appeals. Courts have recognized that multiple cases seeking similar preliminary relief can raise prudential concerns. *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast Dist. of ILA*, 751 F.2d 721, 729 (5th Cir. 1985) (listing prudential concerns "to avoid the waste of duplication, to avoid rulings that trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result"). To the extent the Court has any concerns about these appeals and the *Springer* appeal proceeding separately, that is an issue easily addressed, as this Court could order these cases and *Springer* to be heard on the same date by the same panel, whether the currently scheduled date of September 25 or a different date.

## II. The Bernalillo County and City of Albuquerque Ordinances Do Not Affect These Appeals.

Both Bernalillo County and the City of Albuquerque have provisions restricting firearms in parks and playgrounds. The Bernalillo County Code prohibits possession of "any firearm," BERNALILLO CNTY. CODE § 58-12(b)(27)(a) and § 58-57(27)(a), in "all parks [and] playgrounds," § 58-2, and in "all open space," § 58-47, "within unincorporated Bernalillo County managed by the Parks and Recreation Department of Bernalillo County," BERNALILLO CNTY. CODE §§ 58-2 and 58-47. The City of Albuquerque's Code contains two relevant provisions: § 5-8-6(G) commands that "[n]o person shall carry, possess, or discharge any firearm . . . on Open Space Lands or Regional Preserves," while § 10-1-1-7(A) prevents anyone from possessing or carrying firearms in a park "for the purpose of hunting, trapping or pursuing wildlife." Albuquerque has also issued administrative

instructions interpreting state law to forbid carrying firearms in "[c]ity neighborhood parks, which are used as playing areas for public schools and other public school programming." CITY OF ALBUQUERQUE, ADMINISTRATIVE INSTRUCTION NO. 5-20(1)(B)(2).

The Bernalillo County and City of Albuquerque code provisions violate the New Mexico Constitution and therefore are void and unenforceable. Article II, Section 6 of the New Mexico Constitution provides in relevant part that: "[n]o municipality or county shall regulate, in any way, an incident of the right to keep and bear arms." N.M. CONST. art. II, § 6 (as amended 1986). The Bernalillo County and City of Alburquerque ordinances purport to "regulate … an incident of the right to keep and bear arms," *id*., namely, *where* one may bear arms. If enforced, these ordinances would create a patchwork of laws applicable to gunowners, which is exactly what the New Mexico Constitution intends to avoid. The New Mexico Supreme Court has held that the broad language of Article II, Section 6 "indicates an intent to preclude piecemeal administration at a local level and to ensure uniformity in the regulation of firearms throughout the State of New Mexico." *Baca v. New Mexico Dep't of Pub. Safety*, 132 N.M. 282, 285 (2002) (holding that "[t]he manner in which a person 'bears' a weapon, whether concealed or in plain view, is an *incident* of the right to bear arms"). The New Mexico Attorney General has also issued an opinion about this provision of the New Mexico Constitution, concluding that it "removed local governments' ability to regulate firearms" and is "both clear and unambiguous." *Opinion Request - Prohibition of Weapons in Multi-Use County-Owned Building*, Hector H. Balderas, Attorney General, N.M. Compilation Comm'n (Dec. 1, 2022), https://bit.ly/3M31OWs.

In addition to being void and unenforceable, the penalties associated with violating these local ordinances are entirely different, and the prohibitions enforced by entirely different entities. For example, the Albuquerque ordinances carry at most a penalty of a $500 fine and/or 90 days in jail. §§ 5-8-99, 1-1-99. By contrast, the New Mexico Governor asserted that her order carried misdemeanor penalties (a fine plus up to one year in jail, 31-19-1) and "could include the loss of a permit to carry a concealed firearm." App. Vol. 2 at 14, ¶ 29. And whereas the Albuquerque Police Department would enforce the City's ordinances, the Governor threatened that the State Police would enforce her order, after local officials refused to participate. *Id*. at 15, ¶¶ 30, 33. It is hardly the case that it is "impossible for thi[is] court to grant any effectual relief" against the Governor's entirely different gun ban, enforced by an entirely different entity, and carrying entirely different (and arguably more severe) penalties.

Even if these provisions all were enforceable, none affect this appeal. Appellants have declared that they intend to visit parks that are not covered by any other relevant, valid restrictions apart from the Governor's carry ban. For example, Plaintiff Fort will carry firearms within Hartnett Park in Los Ranchos de Albuquerque if the Governor's carry ban is enjoined. *See* Suppl. Decl. of Zachary Fort (Aug. 14, 2024), attached hereto as Exhibit 1.[2] Hartnett Park is not covered by the City of Albuquerque's ordinances because Los

---

[2] While this declaration was not previously contained in the record, this Court has repeatedly considered evidence outside the record to assure itself of its jurisdiction. *See, e.g.*, *Ellsworth v. Tuttle*, 148 F. App'x 653, 655 n.1 (10th Cir. 2005) (considering jurisdictional evidence filed on appeal after court *sua sponte* requested supplemental briefing); *Hakan Agro DMCC v. Unova Holdings, LLC*, 640 F. App'x 821, 823 n.1 (10th Cir. 2016) (similar); *see also Parents Involved in Cmty. Sch. v. Seattle Sch. Dist. No. 1*, 551

Ranchos is a different municipality, and it is exempt from Bernalillo County's firearm restrictions because Los Ranchos is an incorporated village, meaning the park is neither "within unincorporated Bernalillo County" nor "managed by the Parks and Recreation Department of Bernalillo County." BERNALILLO CNTY. CODE §§ 58-2, 58-47.[3] Similarly, Plaintiff Smith will visit Los Poblanos Open Space. *See* Corrected Consol. App., Vol. 1 at 136 (Jan. 31, 2024) ("App. Vol. 1"). Because it is an "open space," Los Poblanos falls into the exception within the Bernalillo County Code restricting firearms in "all parks [and] playgrounds . . . excluding *open space*." BERNALILLO CNTY. CODE § 58-5 (emphasis added). Likewise, because it appears that most of Los Poblanos Open Space is outside the borders of the City of Albuquerque, Los Poblanos is covered by neither the Albuquerque Code nor the City's administrative instructions.[4] Consequently, only the Governor's carry ban restricts Plaintiffs' ability to carry their firearms in Los Poblanos Open Space and Hartnett Park. For his part, Plaintiff Donk explained that he frequents the "City of Albuquerque Shooting Range Park at least a few times each month." App. Vol. 2 at 46. The "City of Albuquerque Open Space Division provides and manages this publicly operated

---

U.S. 701, 718 (2007) (considering an affidavit submitted to Supreme Court in finding standing).

[3] Los Ranchos de Albuquerque's Code of Ordinance includes "[c]arrying concealed weapons" as a nuisance offense, § 7.4.1(N), but this ordinance is clearly unenforceable because it violates the New Mexico Constitution. As the New Mexico Supreme Court held in *Baca v. New Mexico Dep't of Pub. Safety*, 132 N.M. 282, 284–85 (2002), the New Mexico Constitution provides that "[n]o municipality or county shall regulate, *in any way*, an *incident* of the right to keep and bear arms," and "[t]he manner in which a person 'bears' a weapon, whether concealed or in plain view, is an *incident* of the right to bear arms."

[4] *Public Zoning Viewer*, CITY OF ALBUQUERQUE (last visited Aug. 13, 2024), https://bit.ly/3WZjMzk.

shooting range … ."[5] Clearly, no Albuquerque ordinance bans possession of firearms *where the City has invited people to bring guns*, at a "publicly operated shooting range [maintained] to promote the safe use of firearms in our community and through the state." *Id.*

Nonetheless, even if Plaintiffs only intended to visit parks and playgrounds also covered by the Albuquerque or Bernalillo County firearm restrictions, Plaintiffs would still be irreparably harmed by the Governor's ban because they have unequivocally asserted that they would carry in parks in those jurisdictions if successful in this litigation. Plaintiff Fort will carry firearms in parks within Bernalillo County if "[he] could do so without threat of prosecution for violating the [Governor's carry ban]." App. Vol. 3 at 31–32. Plaintiff Smith will continue to carry in Los Poblanos Open Space and playgrounds "[d]espite [the Governor's] orders." App. Vol. 1 at 136. And Plaintiff Donk intends "to continue [the] activities" described in his declaration and "carry [his] firearm lawfully everywhere" he is able to. App. Vol. 2 at 47.

In light of these facts, Plaintiffs have standing even if the Bernalillo and Albuquerque ordinances wholly overlapped with the Governor's order. Standing, of course, requires injury, causation, and redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). In the pre-enforcement context, injury exists when a plaintiff establishes "(1) an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by [the challenged policy], and (2) that there exists a credible threat

---

[5] *Shooting Range Park*, CITY OF ALBUQUERQUE (last visited Aug. 14, 2024), https://bit.ly/3M7eITw.

of prosecution thereunder." *Colorado Outfitters Ass'n v. Hickenlooper*, 823 F.3d 537, 545 (10th Cir. 2016) (cleaned up). Here, both factors are satisfied because the Governor's order proscribes Smith's, Fort's, and Donk's constitutional right to carry, and they face a credible threat of prosecution. This injury is caused by the enforcement of the Governor's order. And an injunction here would redress this injury, too, by relieving Smith, Fort, and Donk of that threat of prosecution. Even if there remained a potential for Plaintiffs to be subject to local ordinances, that would not undercut this result. "[R]edressability is satisfied when a favorable decision relieves an injury, not every injury." *Consumer Data*, 678 F.3d at 905 (citing *Massachusetts v. E.P.A.*, 549 U.S. 497, 526 (2007). What is more, Smith has continued to exercise his rights despite even the Governor's order, Fort has declared that he would carry but for the Governor's order, and Donk "intend[s] to continue [his] activities … ." App. Vol. 2 at 47.

In short, the Governor's ban harms appellants, and their harm can be redressed by a preliminary injunction. Appellants have standing and are entitled to a preliminary injunction, and ordinances in Bernalillo County and the City of Albuquerque do not change that.

III. **The Governor's Authority to Regulate Firearms Through Monthly Executive Orders Is Not at Issue.**

Plaintiffs have not argued that the Governor has exceeded her authority in promulgating the carry ban. Indeed, it is doubtful that this Court would have jurisdiction over any such claim under *Pennhurst State School and Hospital v. Halderman*, 465 U.S.

89 (1984), because a federal court may not order a state employee (here, the Governor) to comply with state law.

<div style="margin-left: 50%;">

Respectfully submitted,

/s/ Cameron L. Atkinson
Cameron Lee Atkinson

ATKINSON LAW, LLC
122 Litchfield Road
P.O. Box 340 St. 2
Harwinton, CT 06791
203-677-0782
catkinson@atkinsonlawfirm.com

</div>

*Attorney for Plaintiffs We the Patriots USA, Inc. et al.*

| | |
|---|---|
| | /s/ David H. Thompson |
| Jordon P. George | David H. Thompson |
| ARAGON MOSS GEORGE JENKINS, LLP | Peter A. Patterson |
| 2201 Menaul Blvd NE | Kate Hardiman |
| Albuquerque, NM 87107 | COOPER & KIRK, PLLC |
| 505-872-3022 | 1523 New Hampshire Ave NW |
| jordon@amglaw.com | Washington, D.C. 20036 |
| | 202-220-9600 |
| | dthompson@cooperkirk.com |

*Attorneys for Plaintiffs Fort et al.*

| | |
|---|---|
| | /s/ Stephen Stamboulieh |
| Robert J. Olson | Stephen Stamboulieh |
| WILLIAM J. OLSON, PC | STAMBOULIEH LAW, PLLC |
| 370 Maple Ave. West, Suite 4 | P.O. Box 428 |
| Vienna, VA 22180-5615 | Olive Branch, MS 38654 |
| (703) 356-5070 | (601) 852-3440 |
| wjo@mindspring.com | stephen@sdslaw.us |

*Attorneys for Plaintiffs Donk et al.*

**CERTIFICATE OF COMPLIANCE**

This brief complies with the length limitation of the July 24, 2024 Order of this Court because it is no longer than 12 pages, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface and typestyle requirements of the July 24, 2024 Order of this Court, as well as Fed. R. App. P. 32(a) because this brief has been prepared in a proportionally spaced typeface (thirteen-point Times New Roman font) using Microsoft Word.


Dated: August 14, 2024
/s/ Cameron L. Atkinson
Cameron L. Atkinson
*Counsel for Plaintiffs-Appellants*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2024, I filed the foregoing via the CM/ECF filing system, which caused all counsel of record to be served by electronic means.

/s/ Cameron L. Atkinson
Cameron L. Atkinson
*Counsel for Plaintiffs-Appellants*